SWEENEY, Appellee,

v.

GRANGE MUTUAL CASUALTY COMPANY, Appellant.

[Cite as *Sweeney v. Grange Mut. Cas. Co.* (2001), 146 Ohio App.3d 380.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 78783.

Decided Oct. 22, 2001.

---

*Francis E. Sweeney, Jr.* and *George J. Sadd,* for appellee.

*Schuller Law Office, James L. Schuller* and *Raymond H. Pittman III,* for appellant.

---

TIMOTHY E. McMONAGLE, Presiding Judge.

Defendant-appellant Grange Mutual Casualty Company appeals from the judgment of the Cuyahoga County Court of Common Pleas granting the motion for summary judgment of plaintiff-appellee Francis E. Sweeney. For the reasons that follow, we reverse and remand.

This case arises out of an automobile accident involving appellee and Katherine M. Jones that occurred on January 19, 1998. At the time of the accident, Jones was insured by State Farm Insurance Company. Her liability limits of coverage were $100,000 per person/$300,000 per accident. Appellee was insured by a personal auto policy issued by appellant. Appellee's policy provided uninsured/underinsured motorist coverage of $250,000 per person/$500,000 per accident.

As contained in the supplemental policy provisions, the uninsured/underinsured motorist coverage provisions of appellee's policy with appellant provided that appellant "will pay damages which an insured is legally entitled to recover from the owner or operator of an uninsured motor vehicle" up to the limits of liability contained in the policy. The supplemental policy provisions defined "uninsured motor vehicles" as including underinsured motor vehicles and defined "underinsured motor vehicles" as "a land motor vehicle or trailer of any type to which a bodily injury liability bond or policy applies at the time of the accident but its limit for bodily injury liability is less than the limit of liability for this coverage." It is undisputed that Jones was an underinsured motorist as defined by the policy.

The policy between appellant and appellee contained the following pertinent provisions with respect to resolving disputed uninsured/underinsured motorist claims:

"DECIDING FAULT AND AMOUNT

"Two questions must be decided by agreement between the insured and us:

"1. Does the owner or driver of the uninsured motor vehicle legally owe the insured damages; and

"2. If so, in what amount?

"If there is no agreement, then:

"1. If both parties consent, these questions shall be decided by arbitration as follows:

"Each party shall select a competent and impartial arbitrator. These two shall select a third one. The written decision of any two of the three arbitrators shall be binding on each party. If the two selected arbitrators are unable to agree on a third one within 30 days, the insured shall proceed as provided in item 2 below.

"* * *

"2. If either party does not consent to arbitrate these questions or if the arbitrators selected by each party cannot agree on the third arbitrator, the insured shall:

"a. File a lawsuit in the proper court against the owner or driver of the uninsured motor vehicle and us, or if such owner or driver is unknown, against us; and

"b. upon filing, immediately give us copies of the summons and complaints filed by the insured in that action; and

"c. Secure a judgment in that action. The judgment must be the final result of an actual trial and an appeal, if an appeal is taken.

"3. If the insured files suit against the owner or driver of the uninsured motor vehicle, we have the right to defend on the issues of the legal liability of and the damages owed by such owner or driver. * * *'"

The policy also provided that "no legal action may be brought against us until there has been full compliance with all the terms of this policy."

On December 17, 1999, appellee settled his personal injury claim against Jones for her policy limits of $100,000. It is undisputed that appellant consented to this settlement. After settling his personal injury claim against Jones, appellee submitted an underinsured motorist claim to appellant. Appellant and appellee disagreed with respect to the value of the claim. On January 14, 2000, appellee demanded arbitration. Appellant did not consent to arbitration, however.

On May 12, 2000, appellee filed the instant lawsuit against appellant. Count one of appellee's complaint requested a declaratory judgment that the parties were required to arbitrate appellee's underinsured motorist claim. The complaint alleged that appellee's settlement with Jones precluded him from suing her. Appellee further alleged that he could not file a lawsuit directly against appellant without violating the terms of the insurance contract, which required

him to sue both the underinsured motorist and appellant. Therefore, he alleged, his only remedy was arbitration.

In the alternative, count two of appellee's complaint requested an award of underinsured motorist benefits against appellant and a jury trial on that issue.

On August 24, 2000, appellee moved the trial court for summary judgment on count one of his complaint. On October 6, 2000, the trial court granted appellee's motion and ordered the parties to arbitrate appellee's underinsured motorist claim. In its opinion, the trial court found that, under the policy, appellee had two options for pursuing his underinsured motorist claim: (1) arbitration or (2) a lawsuit against appellant and the underinsured motorist. The trial court noted that arbitration was not available because appellant would not consent to arbitration. The trial court noted further that because appellee had settled with Jones, he could not sue her and appellant, as required by the policy. Therefore, the trial court found, appellee could not comply with the terms of the policy. Accordingly, the trial court found the policy to be ambiguous and ordered:

"Given that the policy in the instant matter was written by the Defendant and the terms of that policy cannot be performed, case law and public policy dictat[e] that this matter should be resolved by arbitration."

The trial court rejected appellant's argument that it had waived the requirement that appellee sue Jones by consenting to appellee's settlement with her and appellee could therefore comply with the policy by suing only appellant as "patently unfair." The trial court also rejected appellant's assertion that because it did not consent to arbitrate, it could not be compelled into arbitration.

Appellant timely appealed, raising two assignments of error for our review:

"I. The trial court erred in holding that appellant, Grange, could not waive its policy's requirement that an insured who files suit against it seeking the award of uninsured/underinsured motorist benefits also sue the uninsured/underinsured motorist.

"II. The trial court erred in ordering the arbitration of appellee's underinsured motorist claim when appellant, Grange, had specifically refused to consent to arbitration."

In its first assignment of error, appellant contends that the trial court erred in finding that it could not waive the requirement contained in the policy that an insured must sue both the underinsured motorist and appellant if there is no agreement to arbitrate an underinsured motorist claim. In its second assignment of error, appellant contends that the trial court erred in ordering the parties to arbitrate appellee's underinsured motorist claim when appellant had specifically refused to consent to arbitration. Because appellant's assignments of error are interrelated, we consider them together.

This court reviews the lower court's grant of summary judgment de novo in accordance with the standards sets forth in Civ.R. 56(C). *Doe v. Shaffer* (2000), 90 Ohio St.3d 388, 390, 738 N.E.2d 1243, citing *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241. To obtain a summary judgment under Civ.R. 56(C), the moving party must demonstrate that (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) after construing the evidence most favorably for the nonmoving party, reasonable minds can reach only a conclusion that is adverse to that party. *Id.; Zivich v. Mentor Soccer Club* (1998), 82 Ohio St.3d 367, 369–370, 696 N.E.2d 201.

■ "Waiver as applied to contracts is a voluntary relinquishment of a known right." *White Co. v. Canton Transp. Co.* (1936), 131 Ohio St. 190, 5 O.O. 548, 2 N.E.2d 501, paragraph one of the syllabus. " 'It may be made by express words or by conduct which renders impossible a performance by the other party, or which seems to dispense with complete performance at a time when the obligor might fully perform.' " *Id.* at 198, 5 O.O. 548, 2 N.E.2d 501; *N. Olmsted v. Eliza Jennings, Inc.* (1993), 91 Ohio App.3d 173, 180, 631 N.E.2d 1130, quoting *List & Son Co. v. Chase* (1909), 80 Ohio St. 42, 49, 88 N.E. 120.

It "is a long-standing principle of law that an insurance policy is a contract, and that the relationship between insurer and insured is purely contractual in nature." *Nationwide Mut. Ins. Co. v. Marsh* (1984), 15 Ohio St.3d 107, 109, 15 OBR 261, 472 N.E.2d 1061, citing *Ohio Farmers Ins. Co. v. Cochran* (1922), 104 Ohio St. 427, 135 N.E. 537.

■ Likewise, it is a basic principle of contract law that a party to a contract who would benefit from a condition precedent to its performance may waive that condition. A condition precedent "calls for the performance of some act or the happening of some event after the contract is entered into, and upon the performance or happening of which its obligation is made to depend." *Mumaw v. Western & Southern Life Ins. Co.* (1917), 97 Ohio St. 1, 119 N.E. 132. "A condition precedent is excused if it is waived by the party asserting its existence." *Blommel Sign Corp. of Springfield v. Identity's* (Feb. 24, 1992), Montgomery App. No. 12900, unreported, 1992 WL 28152, citing 5 Williston on Contracts (3 Ed. 1961), at 222. When a condition is excused, its nonperformance is no bar to recovery on the contract. *Id.*, citing Williston on Contracts, *supra*. See, also, *Creith Lumber, Inc. v. Cummins* (1955), 163 Ohio St. 264, 56 O.O. 242, 126 N.E.2d 323, syllabus; *Rentz v. Bannister* (Oct. 11, 1995), Montgomery App. No. CA15041, unreported, 1995 WL 599891; *Williams v. Farmers Ins. Exchange of Farmers Underwriters Assn.* (Oct. 19, 1990), Lucas App. No. L–89–404, unreported, 1990 WL 157292.

Significantly, the Supreme Court of Ohio has recognized this principle in the insurance law context, holding that where an insurance company has provided itself a right by contract, "then relinquishment of such right by [the insurer's] own acts would reasonably constitute a waiver." *Hounshell v. Am. States Ins. Co.* (1981), 67 Ohio St.2d 427, 430, 21 O.O.3d 267, 424 N.E.2d 311. Indeed, in *Hounshell,* the Ohio Supreme Court specifically held that an insurer may waive conditions precedent to an insured's filing suit against the insurer.

*Hounshell* involved a claim for fire damage by an insured against American States. The insured and American States negotiated during the one-year period following the fire but were unable to reach an agreement. The insured eventually filed suit against American States approximately fifteen months after the fire occurred. The insured's policy with American States provided, however, that "[n]o suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy have been complied with and unless commenced within twelve months next after inception of the loss."

American States was awarded summary judgment on the ground that the action was barred by the one-year limitation provision in the agreement. The appeals court reversed the trial court, however, holding that the insurer had waived the one-year limitation period by making settlement offers within that period. The Supreme Court of Ohio affirmed the court of appeals, holding that an insurance company may lawfully limit the time within which suit may be brought on the contract of insurance but may be held to have waived the limitation of action clause by acts or declarations that would lead an insured to conclude that initiation of a lawsuit was not necessary. *Id.* at syllabus.

The Tenth District Court of Appeals applied *Hounshell* in the uninsured/under-insured motorist context in *Grange Mut. Cas. Co. v. Leading* (Dec. 4, 1990), Franklin App. No. 90AP–115, unreported, 1990 WL 198041. In *Leading,* the insured failed to comply with the policy requirement that he institute a suit for uninsured/underinsured motorist benefits or demand arbitration of such claim within a two-year period from the date of the accident. Grange filed a declaratory judgment action seeking a declaration that it was not obligated to pay benefits to the insured by virtue of the insured's failure to comply with this policy requirement. The insured contended that Grange had waived the requirement by making a settlement offer within the two-year period. The trial court granted Grange summary judgment. In light of *Hounshell,* however, the appeals court reversed, holding that there was an issue of fact regarding whether Grange had waived its right to insist upon the limitation period because its conduct and communications with the insured may have presented a reasonable hope of adjustment sufficient to give the insured a sense that filing was unnecessary.

■ Ohio case law is clear, therefore, that an insurer may waive a condition precedent to the presentation of a claim by an insured. This is not a new or unique concept. In the same vein, numerous other courts have held that an insurer may waive policy requirements that the insurer consent to suit by its insured against the uninsured motorist or that the insurer consent to the insured's settlement with the underinsured motorist and that either the insured or insurer may waive policy requirements for arbitration or appraisal. See 9 Couch on Insurance 3d, Chapters 124:8 and 124:17; 15 Couch on Insurance 3d, Chapter 210:64, and cases cited therein.

■ The issue of whether an insurer has waived such a condition is determined by "the circumstances of a given case." *Hounshell, supra,* at 430, 21 O.O.3d 267, 424 N.E.2d 311. Here, it is undisputed that the policy provision requiring appellee to sue both the underinsured motorist and appellant—a condition precedent to the initiation of a lawsuit against appellant by an insured—was inserted by appellant to protect its subrogation rights against the alleged tortfeasor. Accordingly, the provision affords appellant a right that it can relinquish through its own words or conduct. The question then is whether, under the circumstances of this case, appellant waived that right or condition.

We hold that it did. By agreeing to appellee's settlement with Jones for her liability limits, appellant voluntarily relinquished its right to insist that appellee sue both Jones and appellant in any uninsured motorist claim against appellant. Because appellant waived the requirement that appellee sue the underinsured motorist, appellee can comply with the terms of the policy by filing suit solely against appellant. Accordingly, there is no ambiguity in the policy and the trial court erred in finding an ambiguity.

Furthermore, because there is no ambiguity in the policy, the trial court erred in fashioning the remedy of compelled arbitration. Moreover, even if the policy were ambiguous, the trial court did not have authority to compel appellant to arbitrate appellee's claim against its will.

■ "Arbitration is a matter of contract and, in spite of the strong policy in its favor, a party cannot be compelled to arbitrate any dispute which he has not agreed to submit." *Teramar Corp. v. Rodier Corp.* (1987), 40 Ohio App.3d 39, 40, 531 N.E.2d 721, citing *Amalgamated Clothing Workers of Am. v. Ironall Factories Co.* (C.A.6, 1967), 386 F.2d 586, 590; *Retail Clerks Internatl. Assn. v. Lion Dry Goods, Inc.* (C.A.6, 1965), 341 F.2d 715, 720; *Local Union No. 998 v. B.&T. Metals Co.* (C.A.6, 1963), 315 F.2d 432, 436. See, also, *Reynolds v. Personal Serv. Ins. Co.* (June 15, 1993), Franklin App. No. 93AP–20, unreported, 1993 WL 212708.

■ Here, it is undisputed that the policy between appellant and appellee requires that both the insured and Grange consent to arbitration in order for a disputed underinsured motorist claim to be decided in that matter. It is further undisputed that appellant refused to consent to arbitration. Accordingly, the trial court did not have the authority to compel appellant to arbitrate appellee's claim against its will.

Because appellant refused to consent to arbitration and because it waived the condition in its policy that in filing an underinsured motorist lawsuit against appellant, appellee must also sue the underinsured motorist, appellee's underinsured motorist claim must be decided through a lawsuit against appellant.

Appellant's first and second assignments of error are therefore sustained. The judgment of the trial court granting summary judgment to appellee is reversed, and the case is remanded for proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

KENNETH A. ROCCO and PATRICIA A. BLACKMON, JJ., concur.