JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant Evelyn Williams appeals from the trial court's decision granting the motion for summary judgment filed by the defendant-appellee Permanent General Assurance Corp. of Ohio. This suit arises out of the insurance company's denial of coverage to the appellant for failure to fully participate in the investigation of her claim.
 {¶ 2} On January 28, 2001, the appellant's leased Mitsubishi Montero was severely damaged by fire. The appellant filed a claim with the appellee, her insurer. In response, the appellee informed the appellant that it would need additional information including a recorded statement of the facts concerning the loss. The appellant complied with all of the appellee's requests. Subsequently, the appellant was interviewed by the Cleveland Police Department's Arson Squad. At this point, the appellee informed the appellant that it required a statement given under oath. In response to apparent questions by the appellant's counsel, the appellee forwarded to the appellant a copy of her insurance policy containing the following clause:
 {¶ 3} "DUTIES AFTER AN ACCIDENT OR LOSS. `We' are under no duty to provide a defense or coverage under this policy unless there has been full compliance by `you' or any person seeking coverage under this policy with the following duties:
 {¶ 4} "* * *
 {¶ 5} "B. A person seeking any coverage under this policy must:
 {¶ 6} "* * * *
 {¶ 7} "4. Submit to examinations under oath, or signed or recorded statements in connection with any accident or loss, when and as often as `we' reasonably require."
 {¶ 8} The appellee's counsel sent a second letter to appellant's counsel, exhibit B to appellee's motion to summary judgment to the appellant, stating in part:
 {¶ 9} "With regard to your concerns regarding insurance fraud and arson, there is nothing that prevents your client from stating that she refuses to answer a question as it may incriminate her. Also, if she does not wish to participate in the exam, I will not attempt to force her to do so. However, such refusal will be deemed a valid basis for denying her claim until such time as she does cooperate."
 {¶ 10} The appellant apparently decided not to comply with the appellee's request and her claim was denied. This suit followed. During the course of the litigation, the appellant filed for declaratory relief and the appellee filed its opposition. The parties also filed opposing motions for summary judgment. The trial court granted the appellee's motion for summary judgment and denied the appellant's request for declaratory relief. The trial court made no express ruling on the appellant's motion for summary judgment. On appeal, the appellant contests the trial court's rulings on the motions for summary judgment.
 {¶ 11} The appellant sets forth five assignments of error. Assignments of error one through four all pertain to the rulings made by the trial court on the appellee's motion for summary judgment, and thus they will be considered together.
 {¶ 12} "WHETHER A COPY OF THE INSURANCE POLICY ON WHICH THE APPELLEE RELIES WAS EVER DELIVERED TO APPELLANTS, WAS AN ISSUE OF MATERIAL FACT THAT PRECLUDED SUMMARY JUDGMENT, OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, P. 16."
 {¶ 13} "APPELLEE'S AFFIANT, HAD NO FIRST HAND KNOWLEDGE OF THE MATTERS RECITED IN HER AFFIDAVIT. OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, PAGES 6 THROUGH 8. DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, EXHIBIT `F' PAGE PRECEDING EXHIBIT `E'."
 {¶ 14} "IT WAS AN ERROR FOR THE TRIAL COURT TO GRANT SUMMARY JUDGMENT TO THE APPELLEE, SINCE REASONABLE MINDS COULD HAVE FOUND FOR APPELLEE (sic). OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, PAGES 15-17. PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT, EXHIBITS `A' THROUGH `D'."
 {¶ 15} "THE TRIAL COURT ERRED IN NOT CONSIDERING APPELLANT'S MOTION FOR SUMMARY JUDGMENT. PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON THE ISSUE OF LIABILITY, AND EXHIBITS `A' THROUGH "D";OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, P. 16."
 {¶ 16} This court reviews the lower court's grant of summary judgment de novo. Brown v. Scioto Bd. of Commrs. (1993),87 Ohio App.3d 704. An appellate court applies the same test as the trial court. Zaslov v. The May Dept. Stores Co. (Oct. 1, 1998), Cuyahoga App. No. 74030, unreported. Summary judgment is appropriately rendered when no genuine issue as to any material fact remains to be litigated; the moving party is entitled to judgment as a matter of law; it appears from the evidence that reasonable minds can come but to one conclusion; and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. Turner v. Turner (1993), 67 Ohio St.3d 337, citing to Templev. Wean United, Inc. (1977), 50 Ohio St.2d 317, and Harless v. Willis DayWarehousing Co. (1978), 54 Ohio St.2d 64. A court is permitted to grant a motion for summary judgment where all of the tests provided in Civ.R. 56 are met. See Celotex Corp. v. Catrett (1986), 477 U.S, 317, 323.
 {¶ 17} In Sweeney v. Grange Mut. Cas. Co. (2001),146 Ohio App.3d 380, 766 N.E.2d 212, this court cited Nationwide Mut.Ins. Co. v. Marsh (1984), 15 Ohio St.3d 107, 109, 472 N.E.2d 1061 for the proposition that it is a long-standing principle of law that an insurance policy is a contract, and that the relationship between insurer and insured is purely contractual in nature. This principle was reiterated inSnappy Car Rental, Inc. v. Tomko (2000), Cuyahoga App. No. 75998, where this court additionally noted that where the words of an insurance contract are clear and unambiguous, the court need go no further in search of an aid in its interpretation. Kaplysh v. Takieddine(1988)35 Ohio St.3d 170, 519 N.E.2d 382.
 {¶ 18} The appellant contends in her first assignment of error that the clause requiring her cooperation in the policy of insurance was not binding because she was never provided with a copy of the policy. The appellant points to her affidavit attached to her brief in opposition to the appellee's motion for summary judgment which states that she did not receive the policy. The appellee submitted an affidavit of Teresa Kasperczyk, sales manager, attesting that: 1) the appellant signed a "new business checklist" as is customary; 2) if an applicant for insurance purchases the insurance at a "closing center" the policy is given to the applicant at the time the insurance is purchased; and, 3) if an applicant purchases insurance via telephone, the policy is mailed. The new business checklist bears the appellant's initials by the statement that a copy of the policy and all pertinent forms were received. The appellant argues in part that these two affidavits create a question of fact. We disagree for the following reason.
 {¶ 19} In Newark Machine Co. v. Kenton Ins. Co. (1893),50 Ohio St. 549, 35 N.E. 1060, the Ohio Supreme Court held at syllabus 3:
 {¶ 20} "In determining whether there has been a delivery of a policy, effect will be given to the intention of the parties; and when the terms of an executed policy have been unconditionally accepted by the insured, and it has thereafter been treated as in force by the parties, its delivery will be regarded as complete, though it remain in the hands of the insurer's agent."
 {¶ 21} Over the last 109 years, this principle has not been reversed. See Jones v. Cincinnati Ins. Co. (1999), Mahoning App. No. 96 CA 43 which stated:
 {¶ 22} "As to the effects of an undelivered insurance policy, the Ohio Supreme Court has previously held that it is inconsequential whether the actual policy has been delivered, `the legal presumption is that the usual policy is to follow.' Newark Machine Co. v. Kenton Ins. Co. (1893), 50 Ohio St. 549, 556, 35 N.E. 1060. In support of its conclusion, the court relied upon the decision of the United States Supreme Court in Eames v. Home Ins. Co. (1877), 94 U.S. 621, 24 L.Ed. 298 which states:
 {¶ 23} `It is sufficient if one party proposes to be insured, and the other party agrees to insure, and the subject, the period, the amount, and the rate of insurance is ascertained or understood, and the premium paid if demanded. It will be presumed that they contemplate such form of policy, containing such conditions and limitations as are usual in such cases, or have been used between the parties. This is the sense and reason of the thing, and any contrary requirement should be expressly notified to the party to be affected by it.' Id. at 629."
 {¶ 24} Likewise, in Avemco v. Eaves (1990), 67 Ohio App.3d 563,587 N.E.2d 900 it was argued that the delivery of an insurance policy was required in order for the insurer to rely upon policy exclusions. It was asserted that acceptance of the insurance application itself effectuated the terms of the policy. In reliance upon Newark Machine Co. and Eames, supra, the appellate court held that in fact the exclusionary language within the policy was effective despite the failure to deliver the policy. Avemco, at 569.
 {¶ 25} In the case sub judice, neither the appellant nor the appellee contend that a policy of insurance does not exist. Rather, the appellant argues merely that she did not receive the policy. Under settled Ohio law, as long as the parties agree that a contract for insurance is in existence, the actual receipt of the policy by the insured is not required. Based upon this law, the lack of first hand information in Ms. Kasperczyk's affidavit; the question of fact the appellant asserts is created by her affidavit and that of Ms. Kasperczyk; and the dates found on the new business check list and the policy of insurance are all immaterial. No question of fact was presented to the trial court, and the trial court did not err in finding, as a matter of law, that the appellee was entitled to summary judgment. Contrary to appellant's assertions, reasonable minds could not have found in her favor.
 {¶ 26} Turning to the appellant's contention that the court erred in granting the appellee summary judgment on the issue of intentional infliction of emotional distress, we find that in Hayes v. Heintz, 2002 Ohio 2608, Cuyahoga App. No. 79335, this court set forth the applicable standards:
 {¶ 27} [*P27] "At one time, tort law in Ohio required the existence of physical injury or impact in order for a plaintiff to recover for emotional distress. See Miller v. Baltimore Ohio S.W. R.R. Co. (1908), 78 Ohio St. 309, 85 N.E. 499, 6 Ohio L. Rep. 109. However, the law then changed to allow recovery for emotional distress that is unaccompanied by a contemporaneous physical injury. See Yeager v. Local Union 20 (1983), 6 Ohio St.3d 369, 6 Ohio B. 421, 453 N.E.2d 666; Schultz v. Barberton Glass Co. (1983), 4 Ohio St.3d 131, 4 Ohio B. 376, 447 N.E.2d 109; Paugh v. Hanks (1983), 6 Ohio St.3d 72, 6 Ohio B. 114, 451 N.E.2d 759. There are two infliction of emotional distress causes of action, intentional infliction and negligent infliction. See Id. The elements of intentional infliction of emotional distress are as follows: intentionally or recklessly causing severe emotional distress through extreme and outrageous conduct. Yeager, 6 Ohio St.3d 369 at 374, 453 N.E.2d 666. Both causes of action require that the emotional distress be severe unless it is accompanied by a contemporaneous physical injury. See Binns v. Fredendall (1987), 32 Ohio St.3d 244, 513 N.E.2d 278."
 {¶ 28} The outrageous conduct alleged by the appellant is the appellee's refusal to honor her claim because she refused to make an additional statement, under oath, regarding her fire loss. However, in FTMortgages Co. v. Williams, 2001 Ohio 8694, Fayette App. No. CA2000-09-023, it was held that lack of cooperation may relieve an insurer of an obligation on a claim when the insured's failure to cooperate substantially prejudices a material right of the insurer.Thomas v. Quercioli (May 11, 1995), Cuyahoga App. No. 67998, citing toGabor v. State Farm Mut. Automobile Ins. Co. (1990), 66 Ohio App.3d 141,583 N.E.2d 1041. When an insurer raises arson as an affirmative defense to liability, there are strong public policy considerations supporting the insurer's right to question the insured under oath. FT Mortgages, supra. The insurer must have access to information held by the insured when making coverage decisions. The refusal to provide a statement under oath constitutes a substantial and material breach of the insurance agreement. FT Mortages citing to Gabor, 66 Ohio App.3d 141 at 145,583 N.E.2d 1041.
 {¶ 29} The appellant herein made a claim to her insurance company based upon a fire loss the Cleveland Police Department deemed to be arson. The appellant's lack of cooperation during the investigation was a material breach of the insurance contract under Ohio law. Therefore, the appellee was entitled to deny the appellant's claim unless and until she cooperated with its investigation as was required under the terms of the policy. The appellant failed to present any evidence that the conduct of the appellee was outrageous and beyond the bounds of civilized society. Since she failed to support her claim for intentional infliction of emotional distress, the trial court did not err in granting the appellee's motion for summary judgment on this issue.
 {¶ 30} The appellant's first, second and third assignments of error are without merit.
 {¶ 31} In the fourth assignment of error, the appellant argues that the trial court erred in failing to rule on her motion for summary judgment. As this court noted in Pavlik v. Casalicchio (Dec. 6, 2001), Cuyahoga App. No. 77851, Ohio law is well-established that where the court fails to rule on an objection or motion, it will be presumed that the court overruled the objection or motion. See also State ex rel. VCos. v. Marshall, 81 Ohio St.3d 467, 1998 Ohio 329, 692 N.E.2d 198. Thus, the trial court may be deemed to have denied the appellant's motion for summary judgment. The appellant's fourth assignment of error also lacks merit.
The appellant's fifth assignment of error
 {¶ 32} "THE POLICY CLAUSE ON WHICH APPELLEE RELIES TO REQUIRE EXAMINATIONS UNDER OATH, IS PATENTLY AMBIGUOUS, DOUBTFUL, AND UNCERTAIN, AND THE TRIAL COURT SHOULD HAVE INVALIDATED IT. DEFENDANT'S MOTION FOR SUMMARY JUDGMENT EXHIBIT `A' (sic) AS ATTACHED IN FIRST AMENDED COMPLAINT, P. 12."
 {¶ 33} In her final assignment of error, the appellant argues that the clause itself which appellee relies upon to require her to make a statement under oath is ambiguous, doubtful and uncertain because it involves a person's right to remain silent as provided in the Article I, Section 10, of the Ohio Constitution and the Fifth Amendment to the United States Constitution. The appellant also urges this court to find that the use of the word `or' in the policy is disjunctive and means that the appellee may require the appellant to provide either an examination under oath, a signed statement or a recorded statement.
 {¶ 34} In Jones v. Cincinnati Ins. Co. (1999), Mahoning App. No. 96 CA 43 the court cited to Burris v. Grange Mut. Ins. Co. (1989),46 Ohio St.3d 84, 89, 545 N.E.2d 83 for the proposition that the fundamental goal in interpreting an insurance policy is to ascertain the intent of the parties and to settle upon a reasonable interpretation of any disputed terms in a manner calculated to give the agreement its intended effect. The language in an insurance policy must be given its plain and ordinary meaning, and only where a contract of insurance is ambiguous and susceptible to more than one interpretation must the policy language be liberally construed in favor of the insured seeking coverage. Dairyland Ins. Co. v. Finch (1987), 32 Ohio St.3d 360, 362,513 N.E.2d 1324. A court is precluded from rewriting a contract when the intent of the parties is evident, i.e., if the language of the policy's provisions is clear and unambiguous, the court may not resort to construction of the language. Karabin v. State Auto. Mut. Ins. Co. (1984), 10 Ohio St.3d 163, 167, 462 N.E.2d 403.
 {¶ 35} In the matter at hand, the parties do not contest the fact that the appellant complied with the appellee's initial request for information, but rather they disagree as to her right to refuse to make an additional statement under oath. Once again, this court notes that the appellant's claim was for a fire loss caused by arson. As noted in FTMortgages v. Williams, 2001 Ohio 8694, Fayette App. No. CA2000-09-023, there are strong public policy reasons for permitting an insurance company to request and receive a statement under oath from the insured when a claim is made for this type of loss. It is also of great import that the appellee recognized the appellant's Constitutional right to refrain from self-incrimination and did not attempt to force her to forego those rights. The appellee merely requested that the appellant make a sworn statement as to her knowledge of the events surrounding the loss. The appellant could have complied with this request, i.e., presented herself for examination, and still declined to make any statement that would have been self-incriminatory. There was no abridgement of the appellant's State or Federal Constitutional rights in this particular set of circumstances.
 {¶ 36} Turning to the appellant's assertion that the policy language was ambiguous, we note that while the word `or' may be used in the disjunctive under certain circumstances, there is in the present clause additional wording. By including the words "when and as often as `we' reasonably require" in the clause, the appellee placed its insured on notice that multiple statements and/or multiple types of statements might be required. There is no ambiguity of the meaning of this phrase in these circumstances.
 {¶ 37} The appellant's fifth assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
ANNE L. KILBANE, J., and FRANK D. CELEBREZZE, JR., J., CONCUR.