**TEMPLIN, Appellant,**

v.

**GRANGE MUTUAL CASUALTY COMPANY, Appellee.**

[Cite as *Templin v. Grange Mut. Cas. Co.* (1992), 81 Ohio App.3d 572.]

Court of Appeals of Ohio,
Montgomery County.

No. 12104.

Decided June 30, 1992.

*Richard M. Hunt,* for appellant.
*John W. Slagle,* for appellee.

WOLFF, Judge.

Appellant, Paul Templin, appeals from a summary judgment rendered in favor of Grange Mutual Casualty Company ("Grange"), which upheld Grange's refusal to pay Templin the proceeds of Templin's insurance policy.

This appeal involves an action to recover on a fire insurance policy. On March 23, 1988, a fire occurred at 128/130 Sherman Avenue, a duplex apartment building located in Dayton, Ohio, and owned by Templin. The fire occurred at the 128 unit, which was vacant at the time. The 130 unit was occupied as a rental unit and was undamaged by the fire. At the time of the fire, the premises were insured by Grange under policy number F7760779-01. Under the terms of the policy, Grange undertook to insure Templin against losses incurred as a result of fire or smoke to the Sherman Avenue property. The policy provided coverage up to $25,000, less the named deductible amount.

On June 14, 1988, Templin submitted to Grange proof of loss in the amount of $30,000. On February 17, 1989, Grange notified Templin that it refused to pay the policy limits. It justified this refusal on the grounds that its investigation revealed that the fire was incendiary in nature, and that its obligations under the policy were void due to Templin's noncompliance with the policy's cooperation clause.

Templin brought suit against Grange on March 14, 1989, alleging that Grange had breached its covenant of good faith and fair dealing in denying his claim for fire damage. In its answer, Grange raised the defenses of lack of cooperation and arson, either of which would have barred Templin's recovery under the policy. Both parties moved for summary judgment.

On January 31, 1990, the trial court sustained Grange's motion, finding that Templin had materially and substantially breached the cooperation requirement of the insurance policy and that Grange's obligations under the policy were thus void as a matter of law. The court further found that a genuine issue remained as to whether the fire had been started by arson. The allegation of arson is not at issue in this appeal. The determination that Templin had failed to cooperate with Grange was dispositive of the motions for summary judgment.

Templin filed a motion for reconsideration on February 6, 1990. Attached to the motion was a release of information, signed on March 25, 1988 by Templin and his then wife Patricia, which authorized Grange to obtain information concerning his financial status from financial institutions, credit bureaus and banks. Apparently, this document was not before the trial court at the time it granted summary judgment in Grange's favor.

On March 1, 1990, Grange filed a motion to strike Templin's motion for reconsideration on the grounds that such a motion was procedurally improper and a nullity. The trial court sustained Grange's motion to strike, but nonetheless noted that summary judgment had been erroneously granted.

Subsequently, Templin concurrently filed a motion for relief from judgment pursuant to Civ.R. 60(B)(5) and a notice of appeal challenging the summary judgment. The trial court overruled the Civ.R. 60(B) motion, noting that its jurisdiction to consider the matter had been terminated by the filing of the notice of appeal.

On April 18, 1990, this court remanded the action to the trial court to consider Templin's Civ.R. 60(B) motion. The trial court ultimately vacated the judgment and Grange appealed. Templin then dismissed his appeal. On April 18, 1991, this court reversed the trial court's judgment that had vacated the summary judgment granted in Grange's favor. We further allowed reinstatement of Templin's original appeal.

This matter is now before us on Templin's appeal filed March 1, 1990. The appellate record for purposes of our merit review is confined to the evidence before the trial court when it entered summary judgment. Templin advances the following assignment of error:

"The trial court erred in granting the defendant-appellee's motion for summary judgment in that it misapplied the standard of review."

The trial court sustained Grange's motion for summary judgment on the grounds that Templin had breached the insurance policy's cooperation clause, thereby voiding the insurance policy as a matter of law. The clause at issue provides as follows:

"1. What To Do In Case Of Loss

"If a covered loss occurs, the insured must:
" * * *

"(g) produce for examinations, with permission to copy, all books of account, bills, invoices, receipts and other vouchers as we may reasonably require;
" * * *

"9. Suit Against Us

"We may not be sued unless there is full compliance with all the terms of this policy. Suit must be brought within one year after the loss or damage occurs."

Pursuant to this provision, Grange requested that Templin provide specific financial documentation, including personal income tax returns for the years

1984–1987, bank statements, cancelled checks, receipts, working financial records, and books of account or ledgers kept on behalf of any business engaged in by Templin. Templin provided, *inter alia*, tax returns for the years 1985–1987, and a copy of a handwritten notebook showing rent receipts for the property from January 1987 through January 1988. Templin also informed Grange that the remainder of the records it sought were unavailable because they had been destroyed in the fire.

Grange alleged that Templin's failure to provide all of the requested documentation constituted a material breach of the policy's cooperation clause. The trial court agreed and found as follows:

"In the case sub judice, the Court finds that Plaintiff's failure to provide the requested documents constituted a substantial and material breach of the insurance policy and thereby prejudiced the Defendant's complete investigation of the financial status of the Plaintiff. The requested documents, such as the cancelled check [*sic*] and bank statements, although not in Plaintiff's possession, were easily obtainable and as such would not have inflicted an undue burden on the Plaintiff to secure their production. The insurance policy is therefore void as a matter of law."

■■■ When cooperation is a condition precedent to the fulfillment of an insurance policy, an insurer is relieved of its obligations if the insured fails to cooperate. *Luntz v. Stern* (1939), 135 Ohio St. 225, 236–237, 14 O.O. 62, 67–68, 20 N.E.2d 241, 246. Consequently, an insured is required to make a fair and frank disclosure of information demanded by the insurer. *Moore v. State Farm Fire & Cas. Co.* (Dec. 3, 1985), Montgomery App. Nos. 9200 and 9376, unreported, 1985 WL 62876. Nevertheless, cancellation of the insurance policy is warranted only if (1) the failure to cooperate prejudices the rights of the insurer and (2) the failure to cooperate is material and substantial. *State Farm Mut. Auto. Ins. Co. v. Holcomb* (1983), 9 Ohio App.3d 79, 81–82, 9 OBR 99, 101–102, 458 N.E.2d 441, 444–445. If both conditions are met, the lack of cooperation constitutes a defense to liability. Whether an insured has violated the cooperation clause of his insurance policy must be determined in light of the facts and circumstances of the case. *Northedge Laboratory, Inc. v. Cincinnati Ins. Co.* (Mar. 3, 1987), Montgomery App. No. CA 10090, unreported, 1987 WL 7513.

In this case, there can be little doubt that while Templin partially complied with the cooperation clause, he failed to submit all the requested documentation. However, this omission does not perforce nullify Grange's contractual obligations as a matter of law. Since Templin partially complied with the cooperation clause, we focus on whether Templin's failure to provide all the

requested documentation constituted a "material and substantial" failure to cooperate.

■ Clearly, the financial information Grange sought was material to its investigation of Templin's claim. One of the reasons that Grange had refused to honor the insurance policy was because its independent investigation, conducted by Lee Brininger, disclosed that the fire had been intentionally set, despite the Dayton Fire Department's investigation which concluded that the fire was caused by faulty electrical wiring. Motive is relevant to the investigation of a suspicious fire claim; an insured's precarious financial position may establish a motive for arson. *Moore, supra* (citing *Dabash v. Royal Indemn. Co.* [July 15, 1982], Cuyahoga App. No. 43967, unreported, 1982 WL 2472). Therefore, Templin's financial status was relevant to the determination of whether he had a motive for deliberately setting the fire. Without this information, Grange could not have fully investigated Templin's claim.

■ We now consider whether Templin's failure to supply all the information sought constituted "substantial" noncooperation. The record disclosed, and indeed Grange does not deny, that Templin provided it with some of the necessary documents. Grange requested the following records: Templin's original insurance policy, copies of other insurance policies maintained on the property through other insurance agencies, copies of personal income tax returns for the years 1984–1988, copies of mortgage notes, copies of monthly bank statements and checks, ledgers kept on behalf of all businesses in which he had an ownership interest, business records kept on the Sherman Avenue property, information as to the property's appraised value, and copies of any promissory notes to which he was the payee.

In response to Grange's request, Templin provided the following: the insurance policy, copies of his federal income tax returns for the years 1985–1988, copies of his two mortgage notes (a first mortgage for $21,000 and a second one for home improvements for approximately $2,400), and all the business records he maintained pertaining to the Sherman Avenue property, which consisted of receipts for expenses related to the operation of the property and copies of a handwritten notebook in which he had recorded all rents received for the years 1987–1988. He had no promissory notes, nor had he insured the property through any other insurance policy.

In addition to providing this financial information, the notarized proof of loss submitted to Grange (and to the court on the summary judgment motions) contained some of the requested information. For example, the fair market value of the property was appraised by Rotellini Realty at $36,000. The cost of repairing the property was estimated by A.E. Fickert & Sons, who had been

recommended to Templin by Grange, at $30,000. The form also identified Templin's first and second mortgages and listed the mortgage holders.

Finally, the trial court had before it Templin's sworn oral statement, reduced to writing, which he had been required to submit to Grange pursuant to the terms of the policy. In his statement, Templin testified as to other outstanding financial obligations. He stated that he had two car loans with total monthly payments of $480, and that he also paid $70 per week in child support. He maintained one personal checking account, one personal savings account, and one business checking account for his wife's business, in which he had no ownership interest. He had two major credit cards. This sworn statement also contained Templin's assertion that some of the requested information had been destroyed in the fire.

Thus, the only information Templin did not supply was a copy of his 1984 income tax return, copies of his bank statements, and checks and copies of formalized business records. We note that Templin testified in his statement that he did not maintain "good" business records but that he provided Grange with the records he had. In view of the evidence of Templin's partial cooperation, and Templin's sworn assertion that some of the requested information had been destroyed in the fire, it cannot be said, as a matter of law, that there was a substantial failure of cooperation. Rather, an issue of fact remains as to whether Templin's failure to provide these few documents constituted a "substantial" lack of cooperation. Accordingly, summary judgment was unwarranted.

The assignment of error is sustained, the judgment of the trial court will be reversed, and this cause will be remanded for further proceedings.

*Judgment reversed*
*and cause remanded.*

FAIN, P.J., and BROGAN, J., concur.