**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 18a0202n.06

Case No. 17-3921

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**FILED**
Apr 18, 2018
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| NGOC TRAN, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE SOUTHERN DISTRICT OF |
| FEDERAL INSURANCE COMPANY, | ) | OHIO |
| | ) | |
| Defendant-Appellee. | ) | |

BEFORE: MOORE, THAPAR, and BUSH, Circuit Judges.

THAPAR, Circuit Judge. Ngoc Tran owned a lot of gold jewelry—$374,330 worth, to be exact. A few years ago, she decided it was time to insure her collection, so she purchased a valuable-articles policy from Federal Insurance Company ("Federal"). About eight months later, Tran reported the jewelry stolen and sought to collect on the policy.

Federal suspected that the burglary was an inside job. For starters, the responding officer did not think the crime scene—which would have required the purported burglar to make a rather acrobatic leap through a window—looked like a break-in. And Federal spotted a number of other inconsistencies and oddities in Tran's story, including the substantial disparity between her reported annual income ($0) and monthly living expenses (sometimes in excess of $5000). So the company asked Tran to provide various business and personal records to corroborate her

story. But for one reason or another, Tran failed substantially to do so. After several unsuccessful attempts to obtain the records, Federal denied Tran's claim, citing her "failure to cooperate."

Tran filed suit, seeking to compel Federal to cover the claimed loss. The district court granted Federal summary judgment, holding that Tran had failed to cooperate with the company's investigation. Tran now appeals. This court reviews the grant of summary judgment de novo. *Peffer v. Stephens*, 880 F.3d 256, 262 (6th Cir. 2018).

I.

Insurance policies often include "cooperation clause[s]" that impose certain duties on the insured party in the event of a loss. *See Doerr v. Allstate Ins. Co.*, 121 F. App'x 638, 640 (6th Cir. 2005). Tran's policy had a cooperation clause requiring her to "produce all records and documents" that the insurance company requested. R. 132, Pg. ID 2581. Because Tran failed to produce many requested documents, Federal maintains that it does not have to pay out her claim.

Under Ohio law, an insured party's failure to comply with a cooperation clause lets the insurer off the hook if the insured's noncooperation "result[s] in material and substantial prejudice to the insurance company." *Gabor v. State Farm Mut. Auto. Ins. Co.*, 583 N.E.2d 1041, 1043 (Ohio Ct. App. 1990) (citing *State Farm Mut. Auto. Ins. Co. v. Holcomb*, 458 N.E.2d 441, 445 (Ohio Ct. App. 1983)); *see also Luntz v. Stern*, 20 N.E.2d 241, 244–45 (Ohio 1939). Generally, whether a party's noncooperation relieves the insurer of the obligation to pay is a question of fact. *Doerr*, 121 F. App'x at 640. But where the material facts are undisputed, as here, the court may decide the question as a matter of law. *Id.*

Here, Federal repeatedly requested records from Tran, and Tran repeatedly failed to produce many of those records. Initially, Tran claimed that she did not have the records. Then,

instead of retrieving copies of those records from third parties—such as her bank and accountant—she gave Federal written authorization to get the documents. The problem is, even with Tran's written authorization, many of the third parties would not provide the records directly to the company.

When Federal eventually got ahold of some records, Tran refused to confirm their accuracy. For example, the company obtained a few years' tax returns from Tran's accountant, but Tran would not verify that they accurately represented her income. In another instance, Federal got Tran's phone records from AT&T, but Tran claimed not to remember the identities of eight key telephone numbers listed in the log. And when Federal obtained win/loss statements from local casinos (Tran's live-in boyfriend was a gambler), Tran disputed the statements' accuracy.

Then there is the information that Federal was *never* able to obtain in the course of its claims investigation: Tran's complete bank account information, as well as two years' tax returns. Tran initially told Federal that she did not have any bank accounts. After further questioning, she admitted to having two accounts, but she still never gave Federal complete account information. Tran also claimed that two years of missing tax returns simply did not exist, but did not offer evidence to support that claim. So when all was said and done, Tran provided the insurance company only *some* of the documents and information it requested and refused to confirm the accuracy of several key documents Federal obtained on its own accord.

This level of noncompliance was material and substantial. Federal had reason to question Tran's story about the burglary. And Tran's failure to provide the requested records impeded its ability to investigate the truth of her claims. The bank records and tax returns would have shed light on Tran's financial situation in the years surrounding the alleged burglary. So too would

the casino records reflecting her boyfriend's gambling habit. Instead, Federal confronted a record that suggested Tran had no annual income, yet somehow maintained monthly expenses sometimes exceeding $5,000 around the time of the loss. Likewise, identifying the phone numbers that Tran contacted around the time of the burglary would have provided Federal with the names of potential witnesses (or accomplices). But Tran's obstinacy frustrated the company's ability "to determine [Tran's] motive, alibi, or any other aspect of [her] involvement (or non-involvement)" in the alleged burglary. *Doerr*, 121 F. App'x at 641. Moreover, because Tran's noncooperation persisted for months and affected several categories of information, it impaired Federal's "ability to complete a full and fair investigation." *Id*. at 642. Her noncooperation was thus prejudicial too.

Tran nevertheless insists that her attempted compliance was enough. She reasons that she provided some records and made an effort to obtain others. But Tran sets the bar for compliance too low. A party's compliance with *some* of a policy's requirements does not excuse the party's material failure to comply with others. *Id.* at 640 (citing *Walker v. Buck*, 621 N.E.2d 1307, 1309 (Ohio Ct. App. 1993)). And although Tran provided Federal with authorizations to obtain records from third parties, it was *Tran's* undisputed responsibility under the contract to obtain the requested documents—not Federal's. *See Ponamerenko v. Allstate Ins. Co*., No. 4:94 CV 2153, 1995 U.S. Dist. LEXIS 22460, at *28 (N.D. Ohio, June 13, 1995) (applying Ohio law). Tran has not pointed to anything in the contract or the facts of this case that would allow her to "wipe [her] hands of the responsibility of providing the requested documents" just by signing an authorization form. *Id*. ("Plaintiff's position is tantamount to saying that opening one's file cabinets to an opposing party in response to requests for production of documents would somehow be considered a sufficient response to the request.").

Tran also argues that Federal cannot prove that her failure to cooperate was *willful*, because she did not destroy any documents or fail to produce documents that she had in her possession. Maybe so, but this argument misses the point. If Tran did not currently have the requested records, the cooperation clause obligated her to make an effort to obtain them. *See Mobley v. Phila. Indem. Ins. Co.*, 218 F. App'x 456, 462–63 (6th Cir. 2007) (summary judgment appropriate where insured made no attempt to obtain requested records). And though Tran attempts to analogize to *Templin v. Grange Mutual Casualty Co.*, this is not a case where circumstances outside Tran's control—such as a fire—prevented her from obtaining the records. 611 N.E.2d 944, 947–48 (Ohio. Ct. App. 1992) (summary judgment inappropriate where insured partially cooperated and provided sworn assertion that the records he could not provide were destroyed in a fire). Tran's imperfect recordkeeping is not a license to sit on her hands. And while Tran suggests that she did eventually make an effort to obtain her tax returns, she did not do so until more than a year after she filed this suit. That is not "cooperation." Tran does not point to any other facts in the record supporting this argument, and we decline to "scour the record" to construct the argument for her. *LidoChem, Inc. v. Stoller Enters., Inc.*, 500 F. App'x 373, 388 (6th Cir. 2012) (Thapar, J., concurring). The district court thus properly granted summary judgment to Federal on the grounds that Tran failed to cooperate.

## II.

In the course of discovery, the district court deemed the income stated on two of Tran's tax returns admitted after she refused to admit or deny the income. Tran now claims this decision was erroneous. But since the district court properly granted summary judgment due to Tran's failure to cooperate, Tran's challenge to its ruling on the request for admission is moot. *See McPherson v. Mich. High Sch. Athletic Ass'n*, 119 F.3d 453, 458 (6th Cir. 1997) (en banc)

(noting that an issue is moot where the relief sought would not "make a difference to the legal interests of the parties" (citation omitted)).

\* \* \* \* \*

We **AFFIRM**.