# Gabor v. State Farm Mut. Auto. Ins. Co.
## Case No. 456540
## Cuyahoga County, (8th)
## Decided February 1, 1990
### [Cite as 1 AOA 280]

For Plaintiff-Appellant, Alan G. Sandler, 1128 Standard Bldg., Cleveland, Ohio 44113,

For Defendant-Appellee, Lynn A. Lazzaro, 2121 Superior Bldg., Cleveland, Ohio 44114

ANN McMANAMON, J.,

In a timely appeal Sidney Gabor ("the insured") challenges a summary judgment in favor of State Farm Mutual Automobile Insurance Co. ("the insurer") on his claim. In a single assignment of error the insured posits that his refusal to provide his income tax returns to the insurer was not a material and substantial breach of the cooperation clause of his automobile insurance policy.

Upon review, we affirm the judgment of the trial court.

The insured made a claim, under his automobile policy, for the alleged theft loss of a 1982 Oldsmobile Toronado valued at about $5,800. He advised the insurer that his car was stolen from a parking lot outside a Parma restaurant on May 26, 1987. The car was recovered two and a half weeks later in a burned-out condition.

Because the claim involved a possible arson, the insurer conducted an investigation. After an examination, a forensic automotive specialist advised the insurer that the automobile was immobile by reason of a failed automatic transaxle. The specialist opined that the transaxle failure was noticeable and occurred over an extended time period.

Citing the cooperation clause of the policy, the insurer sought to examine the insured and his wife under oath and requested the insured to produce the certificate of title to the car, auto loan records, the purchase agreement for the vehicle, written estimates for repairs and maintenance on the car, and the insured's state and federal income tax returns for the year before he purchased the car. The insured refused to submit the tax records through the insurer repeatedly advised him that failure to provide them could result in a denial of his claim.

Finally, by letter, the insurer did deny the claim, explaining that it found the insured's representation of the car's condition at the time of the theft to be inconsistent with information the insurer developed through its investigation. The insurer advised that, until these inconsistencies were resolved, no payment would be made on the claim. In addition, the insurer told the insured his failure to provide the requested tax returns was material and substantial breach of the insurance contract.

The insured claims the determination of his claim by summary judgment was erroneous. He argues that the requested records were unrelated to the theft of his car and his refusal to produce the records did not prejudice material rights of the insurer so as to warrant denial of the claim.

In order to protect themselves from false claims, insurers frequently include clauses in their policies which mandate cooperation by the insured in investigating a claim. *Northedge Laboratory, Inc.* v. *Cincinnati Ins. Co.* (Mar. 3, 1987), Montgomery App. No. CA-10090, unreported. When such cooperation is a policy condition, and an insured fails to comply, the insurer may be relieved of further obligation with respect to a claim with which the insured did not cooperate. *State Farm Mut. Auto. Ins. Co. Holcomb* (1983), 9 Ohio App. 3d 79. See, also, *Luntz* v. *Stern* (1939), 135 Ohio St. 225; *Conold* v. *Stern* (1941), 138 Ohio St. 352. When an insurance company demands information, the policyholder is "required to make a fair and frank disclosure of information demanded by the company." *Luntz* v. *Stern, supra*, at 231.

The policy contains cooperation clauses requiring that the insured "shall provide all records, receipts, and invoices ***" requested, shall cooperate and when asked, assist the insurance company in "securing and giving evidence." Thus, the insured had a duty to cooperate with the investigation under the terms of his policy.

Whether an insured has violated the cooperation clause of his policy is a question to be determined in view of the facts and circumstances in each case. *Northedge Laboratory Co.* v. *Cincinnati Ins. Co., supra*; *Moore* v. *State Farm Fire and Casualty* (Dec. 3, 1985), Montgomery App. No. 9200 and 9376, unreported. See *Luntz* v. *Stern, supra* at 237. Generally, the issue of whether there has been a violation in an insurance policy is for the factfinder. *Costa* v. *Cox* (1958), 168 Ohio St. 379, paragraph two of the syllabus. A court may decide the cooperation clause issue as a matter of law, however, when a case presents undisputed facts. *Luntz, supra*, at 237. See, also, *Travelers Indemnity Co.* v. *Cochrane* (1957), 155 Ohio St. 305; *Citizens Gas Develop. Co.* v. *Buckeye Union Ins. Co.* (July 25, 1986), Lucas App. No. L-85-317, unreported.

The insured submitted to an oral examination under oath as requested by the insurer. In response to its questions regarding aspects of his finances, the insured responded that he had no credit obligations outside his mortgage and car loan payments and that he earned about $200 from sporadic employment during 1985 and 1986. He refused to comment

282

on how he earned money to pay his bills. It is undisputed that the insured refused to submit his 1986 income tax returns upon request.

To constitute a defense to liability, insured's lack of cooperation must result in material and substantial prejudice to the insurance company. *Holcomb, supra.* See, also, *Costa* v. *Cox, supra.* Therefore, before lack of cooperation may warrant cancellation of a policy or relieve an insurer of an obligation on a claim, the insured's failure must prejudice material rights of the insurer. *Holcomb, supra.*

This court has held that where, as here, the insurance company raises arson as an affirmative defense to liability, there are strong public policy considerations supporting the admission of evidence of the insured's financial position to show a possible motive for the incendiarism. *Dabash* v. *Royal Indemnity Co.* (July 15, 1982), Cuyahoga App. No. 43967, unreported. Likewise, the Montgomery County Court of Appeals found that when an insurer's investigation indicates that arson is a possible cause of fire damage, the policyholder's failure to provide the insurer with pertinent financial information may void a policy for breach of the cooperation clause. *Moore* v. *State Farm Fire & Casualty, supra.* The *Moore* court ruled that an income tax return is relevant in a case where the insurance company raises the affirmative defense of arson because tax records create a picture of the insured's entire financial situation. *Id.* The insured's financial condition is relevant to a determination of possible motive for incendiarism. *Dabash, supra; Moore, supra.* The *Moore* court held that, where it is undisputed that the policy holder withheld relevant tax records, the insured's failure to supply the records constitutes a substantial and material breach of the insurance agreement, voiding the policy as a matter of law. *Moore, supra.*

We hold that the insured's refusal to produce his income tax returns for the year before he purchased the Oldsmobile was a substantial and material breach of his contractual duty to cooperate which clearly prejudiced the insurer's investigation into possible motives for arson. *Moore, supra.* See, also, *Ameduri* v. *Buckeye Union Ins. Co.* (Apr. 28, 1989), Mahoning App. No. 88-CA-13, unreported; *Northedge Laboratory Co., supra*; *Citizens Gas Co., supra.* Summary judgment was proper because the insured's breach of the cooperation clause relieved the insurer of further obligation with respect to his claim as

a matter of law.

The assignment of error fails.

### JUDGMENT AFFIRMED

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.

KRUPANSKY, P.J., and MATIA, J., Concur.