This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellants Suzanne and Lawrence Maxwell have appealed from a judgment of the Wayne County Court of Common Pleas that granted declaratory judgment in favor of Appellee Erie Insurance Company. This Court reverses.
 I. Suzanne and Lawrence Maxwell, husband and wife, are the owners of a 1996 Chevrolet Camaro covered by an automobile insurance policy issued by Erie Insurance Company (Erie). The Maxwells' insurance policy covered all perils including collision, theft, and other comprehensive accident events. On September 25, 1996, Mrs. Maxwell filed a report with the Barberton Police Department alleging that the Camaro had been stolen from her residence sometime between the evening of September 24, 1996 and the early morning hours of September 25, 1996. Later that day, the Barberton Police Department informed the Maxwells that the vehicle had been found abandoned in Doylestown, Ohio, in a damaged condition. Also on September 25, 1996, the Maxwells notified Erie that the vehicle had been stolen and damaged, and they submitted a claim for the full value of the vehicle.
Approximately ten days after the vehicle had been reported stolen, the Barberton Police Department determined that the vehicle had not, in fact, been stolen. Mrs. Maxwell admitted that the vehicle had not been stolen. She had been operating the vehicle and had been involved in an accident. Mrs. Maxwell later entered a plea of no contest to the charge of making a false report to a law enforcement agency in violation of Section 648.09 of the Barberton City Ordinances. The Barberton Municipal Court found her guilty and sentenced her to ten days of house arrest.
On September 30, 1996, Mr. Maxwell, in a recorded interview, was questioned by a representative of Erie regarding the theft claim. Although Mr. Maxwell was aware by that time that the vehicle had not been stolen, he continued to represent to the insurance company that it had been stolen. On or about October 9, 1996, Erie became aware that the car had not been stolen; therefore, the Maxwells' claim was reassigned as a property damage claim.[1] On October 22, 1996, Suzanne Maxwell gave a statement to Erie regarding the damage claim. At that time, she informed Erie that she had been driving the car on September 25, 1996, and that she had been involved in an accident.
Mrs. Maxwell stated that, on the evening of September 24, 1996, she went to a bar called the Double Eagle in Barberton to play in a dart tournament. She stated that she played darts from 7:00 or 7:30 p.m. until approximately 11:30 p.m. or 12:00 a. m. The accident occurred while she was heading to another bar to pick up one friend and to drop another friend, Frank Fisk[2], off at his home.
Mrs. Maxwell informed Erie that she lost control of the car on a slick road and drove into a ditch. The car was heavily damaged, but she backed the car out of the ditch and parked it in a field. She stated that they started walking toward Barberton until someone stopped and gave them a ride. Mrs. Maxwell claimed that she was in "shock" because it was the first accident that she had ever been in and that Mr. Fisk was screaming at her to get out of there. She said that she reported the car as stolen because she was scared and didn't know what to do. The next day, Mrs. Maxwell informed Erie that there was another passenger, Robert Oxley, in the car at the time of the accident.
On January 23, 1997, Erie filed a complaint in the Wayne County Common Pleas Court seeking a declaration that the Maxwells had violated two provisions of the contract of insurance, thereby, voiding coverage. Erie alleged that the Maxwells had violated the "Concealment, Fraud, or Misrepresentation" provision and the "Cooperation" provision of the contract of insurance. The two provisions at issue provide:
(4) CONCEALMENT, FRAUD OR MISREPRESENTATION
 This entire policy is void if, before or after an accident or loss, anyone we protect has intentionally concealed or misrepresented any material fact or circumstance concerning this insurance.
 In the event of a fraudulent claim, we will not make payment for the accident or loss.
* * * *
(6) COOPERATION
 You agree to cooperate with us by promptly and truthfully answering all questions about drivers and autos we insure and signing all papers relating to such insurance.
Erie asserted that Mrs. Maxwell knew, at the time she reported that the vehicle had been stolen, that the vehicle had not, in fact, been stolen. Further, it asserted that the Maxwells knew that they were submitting false information and a false and fraudulent insurance claim. Erie claimed that it was prejudiced by the Maxwells' misconduct and therefore, the insurance coverage should be voided.
On October 15, 1997, this matter was tried to the court. The trial court found that the Maxwells' actions constituted a fraud upon Erie, and thus, the Maxwells had violated the "Concealment, Fraud or Misrepresentation Clause" of the policy. Also, the trial court found that the Maxwell's actions constituted a breach of the "Cooperation Clause" of the policy. The trial court ruled in favor of Erie and held that Erie was relieved from its obligation to pay the loss claim filed by the Maxwells. The Maxwells timely appealed to this Court, asserting one assignment of error.
 II. The court erred in finding that any misrepresentation or failure of cooperation of the insured was "material and substantial" and thus of prejudice to appellee insurance company. Such error is against the legal precedent heretofore established, not supported by the evidence, and hence this decision is against the manifest weight of the evidence.
In their sole assignment of error, appellants have argued that the trial court's finding that the Maxwells misrepresentation and/or failure of cooperation was "material and substantial" and that Erie was prejudiced thereby is against the manifest weight of the evidence. When evaluating whether a judgment is against the manifest weight of the evidence in a civil context, the standard of review is the same as that in the criminal context. Frederick v. Born (Aug. 21, 1996), Lorain App. No. 95CA006286, unreported, at 14. In determining whether a criminal conviction is against the manifest weight of the evidence:
 The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.
State v. Thompkins (1997), 78 Ohio St.3d 380, 387, quoting State v. Martin (1983), 20 Ohio App.3d 172, 175; see, also State v. Otten (1986), 33 Ohio App.3d 339, 340. Accordingly, before an appellate court will reverse a judgment as against the manifest weight of the evidence in a civil context, the court must determine whether the trier of fact, in resolving evidentiary conflicts and making credibility determinations, clearly lost its way and created a manifest miscarriage of justice.
 A.
Concealment, Fraud or Misrepresentation Clause
The Maxwells have argued that the trial court erred when it found that the Maxwells' actions constituted a fraud upon Erie, in violation of the "Concealment, Fraud or Misrepresentation Clause" of the policy. Specifically, the Maxwells have asserted that the trial court's determinations that (1) the fraud perpetrated by the Maxwells was material, and (2) Erie's ability to evaluate and defend the underlying claim was compromised, were against the manifest weight of the evidence.
The Maxwells have asserted that their initial representation that the car was stolen was not a material misrepresentation. Further, they have asserted that, because they disclosed a full account of the accident within a timely manner, Erie was not prejudiced by the initial misrepresentation. Erie has argued that even assuming that Ms. Maxwell's accident was caused by negligence, her "concealment of that accident and alteration of any evidence of that accident" were material to Erie's ability to evaluate and defend the claim. Pursuant to the Maxwells' insurance policy, Erie was not liable for any damage to the vehicle caused by an intentional act of the Maxwells. They have argued that any accident scene evidence that might have been helpful to them in processing this claim would have disappeared or been thoroughly compromised between the time of the accident and the time it was determined that the car was not stolen.
After reviewing the record, this Court agrees with the Maxwell's arguments. Erie presented the testimony of Jay Brown, the claims adjuster who was assigned to the Maxwells' damage claim on October 9, 1996. At the time Mr. Brown was assigned to the claim, he was aware that the Barberton Police Department knew that the vehicle had not been stolen.
Regarding Erie's investigation of the claim, Mr. Brown testified that he took Mrs. Maxwell's statement on October 22, 1996, approximately thirty days from the filing of the claim. He testified that the statement was received within a reasonable time. At the time of the statement, Mrs. Maxwell spoke of one passenger who had been in the vehicle at the time of the accident; however, she called him the next day to tell him about another passenger. Mr. Brown testified that Mrs. Maxwell's original omission did not delay the investigation, and that he was able to obtain the statement of that passenger.
Further, Mr. Brown testified that the vehicle was recovered within forty-eight hours of the claim being made. Once the vehicle was recovered, an appraiser was assigned to the vehicle. Although he could not testify as to the exact date that the appraiser inspected the vehicle, he testified that the appraiser investigated the vehicle in a timely fashion with respect to the date of the accident. He admitted that an appraiser would not have gone to the scene of the accident to examine the damage to the vehicle, nor would he have gone into the field where the vehicle was found to examine it. The vehicle would have been towed on the insured's behalf to another location where the vehicle would then be examined by an appraiser. Finally, he noted that the inspection of the car would not have been much different whether the car was stolen or a property damage claim.
Regarding the damage to the vehicle, Mr. Brown testified that he, personally, was unable to tell what damage was caused by the accident itself and what damage was caused when Mrs. Maxwell drove the car out of the ditch and into the field. It is apparent from the record, however, that Mr. Brown was not the adjuster who inspected the Maxwells' vehicle. In fact, Mr. Brown never testified that he viewed the vehicle or tried to assess the damage. Finally, Mr. Brown testified that if the claim had been reported as a collision claim, whether the damage was caused by driving into the ditch or pulling out of the ditch would not have made any difference in terms of coverage.
Erie has failed to demonstrate that the misrepresentation made by the Maxwells was material. No evidence was presented to show that the initial misrepresentation in any way hampered Erie's investigation of the claim. Although Erie has argued that Mrs. Maxwell's "concealment of that accident and alteration of any evidence of that accident" harmed its ability to evaluate and defend the claim, it failed to provide any evidence that Mrs. Maxwell altered evidence, that the damage caused by the accident was impossible to determine, or that Erie's was unable to defend the claim. The only evidence presented that Erie was prejudiced by the acts of the Maxwells was the testimony of Mr. Brown that he, personally, could not tell which damage was caused by driving into the ditch or by driving into the field. Mr. Brown, however, was not the appraiser who evaluated the vehicle, nor does it appear from the record that he ever looked at the vehicle.
Because the Maxwells' insurance policy covered all perils including collision, theft, and other comprehensive accident events and they gave the insurance company a complete account of the events within a reasonable time, their initial misrepresentation was not material and Erie was not prejudiced thereby. Accordingly, the trial court's determinations that the fraud perpetrated by the Maxwells was material and that Erie's ability to evaluate and defend the underlying claim was compromised were against the manifest weight of the evidence.
 B.
Cooperation Clause
The Maxwells have argued that the trial court erred when it determined that they violated the "Cooperation Clause" because Erie failed to demonstrate prejudice. The trial court held that the Maxwells' actions constituted a breach of the "Cooperation Clause" of the policy. The court found that the actions of the Maxwells resulted in material and substantial prejudice to Erie because it was impossible for Erie to determine the amount of damage to the vehicle that was caused by the accident.
Frequently, insurers, to protect themselves from false claims, include clauses in their policies that require the insured to cooperate in the investigation of a claim. Gabor v. State Farm Mut. Auto. Ins. Co. (1990), 66 Ohio App.3d 141, 143. When cooperation of the insured is a condition of the insurance policy, the insurer may be relieved of further obligation with respect to a claim if the insured fails to cooperate. Id. "Whether an insured has violated the cooperation clause of his policy is a question to be determined in view of the facts and circumstances in each case." Id. at 144. In order to be relieved of an obligation on a claim, the insurer must show that the insured's failure to cooperate prejudiced its rights and that the failure to cooperate was material and substantial. Weller v. Farris (1998),125 Ohio App.3d 270, 274.
Although prejudice is not susceptible to bright-line analysis, it has been described as "involving material injury to the insurer's ability to contest the merits of the case, or serious impairment in investigating the claim or defending the merits of the case." Id. at 276 (citations omitted.) Erie has argued that their ability to defend or investigate the Maxwells' claim has been impaired because of Ms. Maxwell's attempt to "conceal the accident" by driving the car into the field and abandoning it. It has argued that it has been prejudiced because there is no way to determine what damage was caused when the car slid into the ditch and what damage was caused by Ms. Maxwell's intentional act of driving the car into the field.
As discussed above, Erie failed to prove that its ability to investigate the claim or its ability to defend the claim were impaired. Further, Erie failed to prove that it was impossible to determine the amount of damage to the vehicle that was caused by the accident. Accordingly, the trial court's finding that the actions of the Maxwells resulted in material and substantial prejudice to Erie was against the manifest weight of the evidence.
 III.
The Maxwells' assignments of error are sustained. The judgment of the trial court is reversed.
Judgment reversed.
 KK
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellee.
Exceptions.
 ___________________________ BETH WHITMORE
 FOR THE COURT
BAIRD, P.J.
SLABY, J.
CONCUR
[1] It is not clear from the record exactly how Erie became aware that the vehicle had not been stolen.
[2] Frank Fisk filed a personal injury action in the Summit County Court of Common Pleas. Erie had been defending the Maxwells in that action and had settled the personal injury claim prior to the trial in this matter.