JOURNAL ENTRY and OPINION
{¶ 1} Appellant Francisco Appointe appeals the trial court's decision, which found that Appellee Allstate Insurance Company successfully asserted the affirmative defense of lack of cooperation. Appointe assigns the following errors for our review:
"I. The trial court erred to the prejudice of theplaintiff-appellant in finding that the defendant Allstatevalidly asserted the affirmative defense of lack of cooperationin that it did not prove said lack of cooperation to be amaterial and substantial prejudice to the defendant."
 "II. The trial court erred to the prejudice of theplaintiff-appellant in affirming a judgment that never existed,and it cannot affirm itself."
 {¶ 2} Having reviewed the record and pertinent law, we affirm the trial court's decision and remand to the trial court for the limited purpose of correcting the journal entry. The apposite facts follow.
 {¶ 3} On April 20, 2000, Appointe filed a complaint for personal injuries he sustained at the property he was renting from Seecharan. At the time, Seecharan insured the property with a liability policy issued by Allstate Insurance Company ("Allstate").
 {¶ 4} In the complaint, Appointe alleged that on May 15, 1999, while walking on the porch of the rental property, he fell. The step and the railing were broken. Appointe also alleged that he sustained a permanent and disabling injury to his right knee. Appointe further alleged that he had given prior notice to Seecharan Seecharan of the broken porch step and railing.
 {¶ 5} Seecharan sent the complaint to his liability insurance carrier, Allstate Insurance Company ("Allstate"). Seecharan gave a statement to the claims adjuster, wherein he denied receiving notice of any defect in the property and alleged that Appointe's claimed injury was in retaliation for an eviction proceeding.
 {¶ 6} On March 18 and 19, 2002, the matter was tried to a jury without Seecharan's presence or testimony. The jury found that Appointe was 5% negligent in causing his injuries and that Seecharan was 95% negligent. The jury further found that Appointe was entitled to recover $100,000 from Seecharan, less 5% for his own negligence, reducing the judgment against Seecharan to $95,000. On March 21, 2002, the trial court entered judgment on the jury verdict.
 {¶ 7} Allstate refused to satisfy the judgment entered against Seecharan. On April 26, 2002, Appointe filed a supplemental complaint. In the supplemental complaint, Appointe alleged that Allstate failed to pay the final judgment due and owing him. Further, Appointe alleged that Allstate's denial of payment was willful, unjustified, and in bad faith.
 {¶ 8} In its response, Allstate admitted that a policy of insurance was in effect at the time of Appointe's injury. However, Allstate alleged, inter alia, that Seecharan breached the terms of the insurance policy by failing to cooperate in the defense of the original complaint. Allstate specifically alleged that Seecharan did not cooperate with them concerning the claim or the suit by failing to appear for his deposition, failing to respond to numerous requests, failing to advise Allstate of his location, and failing to appear at the trial conducted on March 18 and 19, 2002.
 {¶ 9} On July 21, 2003, the matter was tried to the bench on the issue of whether Allstate was required to pay the judgment that the jury rendered in the original action. Allstate argued that it was entitled to a jury trial, but the trial court disagreed, and proceeded with the bench trial. The trial court declared a mistrial; on July 22, 2003, a second trial commenced before an advisory jury.
 {¶ 10} The advisory jury found that Seecharan breached the insurance contract and said breach had a material effect on the trial of the original complaint. The trial court recused itself before journalizing its decision, or that of the advisory panel.
 {¶ 11} After the case was reassigned, the parties stipulated that the successor trial judge could render a decision based on the review of the previous proceedings, and that no new evidence would be introduced, and no new issues raised. Further, the transcripts of both the bench trial and the advisory jury trial would be submitted to the successor trial judge.
 {¶ 12} In an opinion dated April 26, 2005, the trial court stated:
"Upon review of the proceedings, including the full courttranscripts, and other evidentiary materials, this Court reachesa conclusion that is generally consistent with the jury'sadvisory verdict. The Court agrees with Allstate's position thatit was the duty of Seecharan, as the insured, to cooperate withAllstate and provide information and documentation in preparingthe case for trial, to attend trial, and to provide testimony asto his personal knowledge. Seecharan's absence clearly prejudicedAllstate to a certain extent. Seecharan did not appear fordeposition, nor did he respond to letters or phone callsaddressed to him. All attempts to contact Seecharan wereunsuccessful. The record demonstrates Seecharan deliberatelyevaded Allstate's attempts to communicate, thereby breaching hisduty to cooperate.
 {¶ 13} * * *
 Conclusion {¶ 14} The Court finds that the evidence was scrutinized andweighed by a trial court and a jury acting in an advisorycapacity pursuant to CIV.R. 39(C). The Court further notes thatthe advisory jury returned a verdict in favor of Allstate on thesupplemental complaint, and that this court substantially agreeswith those findings in entering its own judgment. Given anindependent and complete review of the record, the court findsthat the verdict was not against the manifest weight of theevidence, that Allstate asserted an affirmative defense that wassubstantiated by the evidence, and that there was no error in thejudgment of the trial court prejudicial to its rights. Thejudgment must be and is therefore affirmed."
 Civ.R. 58 {¶ 15} We begin with the second assigned error. Here, Appointe argues the trial court committed prejudicial error when it affirmed a judgment that did not exist, and, moreover, a trial court cannot affirm itself. While we agree that a trial court cannot affirm itself, we find no prejudice in the successor trial court's use of the language "the judgment must be and is therefore affirmed."
 {¶ 16} Civ.R. 58 provides:
"Subject to the provisions of Rule 54(B), upon a generalverdict of a jury, upon a decision announced, or upon thedetermination of a periodic payment plan, the court shallpromptly cause the judgment to be prepared and, the court havingsigned it, the clerk shall thereupon enter it upon the journal. Ajudgment is effective only when entered by the clerk upon thejournal."
 {¶ 17} In the instant case, the history indicates that the original trial judge, prior to recusing himself, did not journalize his decision or the conclusion of the advisory jury. After the case was reassigned, both parties stipulated that the successor trial judge could render a decision based on the review of the previous proceedings, and that no new evidence would be introduced, and no new issues raised. Further, the transcripts of both the bench trial and the advisory jury trial would be submitted to the successor trial judge.
 {¶ 18} The record indicates that the successor trial judge indicated that he had reviewed the record and arrived at the same conclusion as that of the advisory jury. However, in journalizing its independent decision, the trial judge used language in his opinion that suggested he reviewed and affirmed the advisory jury. We have concluded that although this was inartful and incorrect, it was not prejudicial. Consequently, we remand to the trial court for the limited purpose of correcting the journal entry to show judgment for appellee Allstate. Accordingly, we overrule the second assigned error.
 Affirmative Defense: Lack of Cooperation {¶ 19} In the first assigned error, Appointe argues the trial court erred in finding that Allstate validly asserted the affirmative defense of lack of cooperation, because it did not prove that said lack of cooperation substantially prejudiced its defense. We disagree.
 {¶ 20} It is undisputed that Appointe obtained a valid judgment against Seecharan; thus, the only issue is whether Allstate, as the entity that insured the property, is required to pay the judgment on behalf of its insured.
 {¶ 21} Pursuant to R.C. 3929.06, an injured party who has obtained a judgment can file a supplemental complaint against the judgment debtor's insurance carrier if the original judgment is not satisfied within thirty days. Furthermore, it is well-established that a plaintiff proceeding against an insurance company under a supplemental complaint is subject to the limitations and conditions of the insurance contract between the insurance company and its insured, including the duty of the insured to cooperate in the investigation and defense of the case, as well as to appear at trial.[1]
 {¶ 22} In order to protect themselves from false claims, insurers frequently include clauses in their policies of insurance which mandate the insured's cooperation in the investigation of a claim. When such cooperation is a policy condition and an insured fails to comply, the insurer may be relieved of further obligation with respect to the claim with which the insured did not cooperate.[2] Whether an insured has violated the cooperation clause of the policy is a question to be determined in view of the facts and circumstances in each particular case.[3] Ordinarily, the issue of assistance and cooperation of the insured is a question of fact to be determined by the fact finder from all the evidence.[4]
 {¶ 23} The Allstate liability policy at issue contains the following cooperation clause which states in pertinent part as follows:
"1. What You Must Do After A Loss:
 In the event of bodily injury or property damage, you must dothe following things:
 Promptly notify us or our agent.
* * *
(B) Send us any legal papers relating to the loss.
 (C) At our request, an insured person must: (1) cooperate withus and assist us in any matter concerning a claim or suit; (2)help us enforce any right of recovery against any person ororganization who may be liable to an insured person; (3) attendany hearing or trial; (4) help us by collecting and givingevidence and by obtaining the attendance of witnesses."
 {¶ 24} It is undisputed that Seecharan failed to cooperate in the manner specified above. A review of the record revealed that Seecharan initially refused to forward the original complaint to Allstate, which prompted them to issue a reservation of rights letter. When Appointe sought to depose Seecharan, Allstate learned from Seecharan's wife that they were in the process of a divorce, that she had not seen him in five months, that he had stolen a large sum of money, and that there was a warrant out for his arrest.
 {¶ 25} The record further indicates the exhaustive and futile attempts that Allstate made to locate Seecharan, including engaging the services of two investigative firms. Their investigation revealed that Seecharan and his wife owned a number of rental properties, which they merged through a series of loans with one bank, resulting in an excess equity check being issued to them. Seecharan then forged his wife's name, and kept the money for himself. In addition, he collected all the rents from the tenants, tenants, and liquidated as many assets as possible, before he disappeared. Thus, despite their best efforts, Allstate was unable to secure the cooperation of Seecharan.
 {¶ 26} However, in order to constitute a defense to liability, an insured's lack of cooperation must result in material and substantial prejudice to the insurance company.[5] Therefore, before the lack of cooperation may warrant cancellation of an insurance policy or relieve an insurer of an obligation on a claim, the insured's failure must prejudice material rights of the insurer.[6]
 {¶ 27} In the instant case, there can be no question upon the record before this court that Seecharan failed to cooperate with Allstate and also failed to attend trial. There is also no question that Seecharan breached a material condition of his liability policy. However, Appointe contends that Allstate failed to prove that it was materially prejudiced by Seecharan's lack of cooperation and his subsequent failure to attend trial. We reject that contention.
 {¶ 28} It is true that most courts considering the question of the insured's lack of cooperation have gone beyond the fact that the insured was not present at the trial, and have inquired whether or not his absence was excusable under the particular circumstances.[7] We have already detailed Allstate's exhaustive and futile attempts to secure Seecharan's cooperation in the underlying suit. Despite Seecharan's lack of cooperation, Allstate proceeded with his defense.
 {¶ 29} However, in this underlying case of questionable liability, Seecharan's cooperation, and attendance at trial were essential in order to testify on the pivotal issue of notice. It is well settled that to establish a landlord's liability for injuries that occurred on the premises, a tenant must show proximate cause for the injuries sustained, and, that (1) the landlord received notice of a defect in the property; (2) the landlord knew of the defect; or, (3) the tenant made reasonable attempts to notify the landlord of the defect.[8] Allstate was materially prejudiced by its inability to put forth any deposition or trial testimony from Seecharan on the issue of notice.
 {¶ 30} We also reject Appointe's contention that Allstate could have called Seecharan's wife to testify to the issue of notice. We believe this would have been futile. The original complaint alleged that Appointe gave notice of the defect to Seecharan. Thus, there is no indication that Mrs. Seecharan would have been able to contribute anything probative on the issue of notice. We can also surmise from the record before us that Seecharan, not his wife, dealt with the tenants. The investigators discovered that Seecharan collected the rents for the various properties and then absconded with the money. This, along with other evidence unearthed, indicates that Mrs. Seecharan was deliberately kept in the dark.
 {¶ 31} Finally, we reject Appointe's contention that Allstate could have hired an expert to testify to the condition of the property. The record reveals that Appointe fell off the porch on May 15, 1999 and filed suit almost a year later on April 20, 2000. Thus, hiring an expert would prove futile because the expert could only testify to the condition of the property on the day it was examined, not the day of the fall.
 {¶ 32} Based on the record before this court, we conclude that Seecharan clearly breached the cooperation clause of his liability insurance policy and said breach precluded Allstate from adequately mounting a defense to the underlying lawsuit, which resulted in material and substantial prejudice. Allstate validly asserted the affirmative defense of lack of cooperation. Accordingly, we overrule the first assigned error.
Judgment affirmed and remanded for the limited purpose of correcting the journal entry.
It is ordered that appellees recover of appellant their costs herein taxed.
The Court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Gallagher, P.J., and McMonagle, J., concur.
[1] See Conold v. Stern (1941), 138 Ohio St. 352; Bennett v.Swift (1959), 170 Ohio St. 168.
[2] See Gabor v. State Farm Mut. Auto. Ins. Co. (1990),66 Ohio App.3d 141; State Farm Mut. Auto. Ins. Co. v. Holcomb
(1983), 9 Ohio App.3d 79.
[3] See Luntz v. Stern (1939), 135 Ohio St. 225, 237.
[4] See Costa v. Cox (1958), 168 Ohio St. 379. See, also,Sword v. Slaughter (July 21, 1992), 10th Dist. No. 92AP-69.
[5] Holcomb; Costa; Gabor, supra.
[6] Holcomb; Gabor.
[7] Weaver v. Ballard (1962), 174 Ohio St. 59.
[8] See Shroades v. Rental Homes, Inc. (1981),68 Ohio St.2d 20, 23-24.