[Cite as *Kelley v. State Farm Mut. Auto. Ins. Co.*, 2013-Ohio-585.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 98749

---

## ANN KELLEY

PLAINTIFF-APPELLANT

vs.

## STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, ET AL.

DEFENDANTS-APPELLEES

---

### JUDGMENT:
### AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-758078

**BEFORE:**   Blackmon, J., S. Gallagher, P.J., and McCormack, J.

**RELEASED AND JOURNALIZED:**   February 21, 2013

**ATTORNEYS FOR APPELLANT**

Daniel J. Klonowski
50 Public Square, Suite 920
Cleveland, Ohio 44113

James L. Deese
Western Reserve Building
1468 West 9th Street
Cleveland, Ohio 44113


**ATTORNEY FOR APPELLEES**

James R. Gallagher
Gallagher, Gams, Pryor, Tallan
& Littrell, L.L.P.
471 East Broad Street, 19th Floor
Columbus, Ohio 43215-3872

PATRICIA ANN BLACKMON, J.:

**{¶1}** Appellant Ann Kelley appeals the trial court's decision granting summary judgment in favor of State Farm Mutual Automobile Insurance Company, et al. ("State Farm"), and denying her cross-motion for summary judgment. Kelley assigns the following errors for our review:

> **I. The trial court committed prejudicial error when it granted State Farm's motion for summary judgment.**
>
> **II. The trial court committed prejudicial error when it denied plaintiff Ann Kelley's motion for summary judgment.**

**{¶2}** Having reviewed the record and pertinent law, we affirm the trial court's decision. The apposite facts follow.

**{¶3}** On June 21, 2011, Kelley filed a complaint for declaratory judgment and bad faith against State Farm. In the complaint, Kelley alleged that on June 26, 2007, she was walking towards her car in a parking lot at University Suburban Health Center, in South Euclid, Ohio, when another parked vehicle began backing out as she was passing behind the parking space.

**{¶4}** Kelley alleged that she struck the back of the vehicle with her wooden cane in an attempt to alert the driver, but was thrown off balance and fell to the ground. Kelley further alleged that as a result of the fall, she sustained an intertrochanteric fracture of her right hip, had to have open reduction hip surgery, and incurred medical bills totaling more than $100,000.

**{¶5}** On August 2, 2011, State Farm filed its answer acknowledging that it had issued a policy of insurance to Kelley containing uninsured motorist coverage with a limit of $100,000 and medical payments coverage with a limit of $25,000. State Farm submitted that Kelley waited over two-and-one half years to report the incident and then filed suit within 60 days of the late reporting in violation of the policy's prompt notice requirement.

**{¶6}** Thereafter, the parties conducted extensive discovery that included taking Kelley's deposition as well as the depositions of individuals who were present at the scene in the aftermath of the fall. Discovery revealed that on June 27, 2007, Kelley, then age 79, had driven to the University Suburban Health Center to have her blood pressure checked due to longstanding problems with balance, dizziness, and synocope. Kelley indicated that the vehicle did not hit her, that the driver spoke with her briefly after she fell, and that the unidentified driver then left the scene.

**{¶7}** Nurses Mary O'Hanlon, Deborah Petti, Marge Lehner, and Shannon L. Smith, who came to Kelley's assistance after she fell, all indicated that they did not witness the incident and had no personal knowledge of how or why Kelley fell. Kelley also indicated that she had broken her cane when she attempted to alert the unidentified driver, but of the four nurses present after the fall, only Nurse Smith remembered the condition of the cane, and Nurse Smith indicated that the cane was neither broken nor damaged.

**{¶8}** Between May and June 2012, the parties filed cross-motions for summary judgment. Kelley argued that she was entitled to medical payments coverage, because, pursuant to the policy definition, she was "occupying" her vehicle at the time of the fall. Alternatively, Kelley argued that in the event she was deemed not to have been occupying her vehicle, she was entitled to medical payments coverage as a pedestrian because she was holding a cane that made physical contact with the vehicle.

**{¶9}** For its cross-motion, State Farm argued that Kelley had violated the policy's "prompt notice" provision by waiting more than two-and-one-half years to provide notice of the claim.

**{¶10}** On July 5, 2012, the trial court granted summary judgment in favor of State Farm and denied Kelley's cross-motion for summary judgment. Kelley now appeals.

## Summary Judgment

**{¶11}** We will address both assigned errors together because of their common basis in fact and law. Kelley argues the trial court erred when it granted State Farm's motion for summary judgment and denied her cross-motion for summary judgment.

**{¶12}** We review an appeal from summary judgment under a de novo standard of review. *Baiko v. Mays*, 140 Ohio App.3d 1, 746 N.E.2d 618 (8th Dist.2000), citing *Smiddy v. The Wedding Party, Inc.*, 30 Ohio St.3d 35, 506 N.E.2d 212 (1987), *N.E. Ohio Apt. Assn. v. Cuyahoga Cty. Bd. of Commrs.*, 121 Ohio App.3d 188, 699 N.E.2d 534 (8th Dist.1997). Accordingly, we afford no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate.

**{¶13}** Under Civ.R. 56, summary judgment is appropriate when, (1) no genuine issue as to any material fact exists, (2) the party moving for summary judgment is entitled to judgment as a matter of law, and (3) when viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can reach only one conclusion that is adverse to the nonmoving party.

**{¶14}** The moving party carries an initial burden of setting forth specific facts that demonstrate his or her entitlement to summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996). If the movant fails to meet this burden, summary judgment is not appropriate; if the movant does meet this burden, summary judgment will be appropriate only if the nonmovant fails to establish the existence of a genuine issue of material fact. *Id*. at 293.

**{¶15}** In granting State Farm's motion for summary judgment, the trial court made the following findings, stated in pertinent part as follows:

> **The Court finds that plaintiff's two-and-a-half year delay in reporting her insurance claim to defendant State Farm is a violation of the prompt notice requirement of the State Farm policy and such delay was prejudicial to defendant. *Ferrando v. Auto-Owners Mut. Ins. Co.*, 98 Ohio St.3d 186 (2002). Summary judgment is therefore entered in favor of defendant and against plaintiff.** Journal Entry, July 5, 2012.

**{¶16}** In *Ferrando v. Auto-Owners Mut. Ins. Co.*, 98 Ohio St.3d 186, 2002-Ohio-7217, 781 N.E.2d 927, the Ohio Supreme Court outlined an analysis for cases involving an alleged breach of a prompt-notice condition. In *Ferrando*, the Ohio Supreme Court specifically held:

**When an insurer's denial of [uninsured or] underinsured motorist coverage is premised on the insured's breach of a prompt-notice provision in a policy of insurance, the insurer is relieved of the obligation to provide coverage if it is prejudiced by the insured's unreasonable delay in giving notice.** *Id.* at paragraph one of the syllabus.

{¶17} Furthermore, "an insured's unreasonable delay in giving notice is presumed prejudicial to the insurer absent evidence to the contrary." *Id. See also Ruby v. Midwestern Indem. Co.*, 40 Ohio St.3d 159, 161, 532 N.E.2d 730 (1988). Accordingly, the determination as to whether a breach of the prompt-notice provision relieves the insurer of its obligation to provide UM/UIM coverage involves a two-step process. *Ferrando*.

{¶18} First, the court must determine whether the insurer did not receive reasonable notice, thereby resulting in a breach of the provision. *Id.* at ¶16. "A provision in an insurance policy requiring 'prompt' notice to the insurer requires notice within a reasonable time in light of all the surrounding facts and circumstances." *Ruby* at syllabus.

{¶19} Second, if the court has determined that a breach of the prompt-notice provision occurred, it must then determine whether the insurer suffered prejudice such that UM/UIM coverage must be forfeited. *Ferrando* at ¶11. A presumption arises that the unreasonable delay was prejudicial to the insurer. *Id.* at ¶16; *Ruby* at ¶5. Nevertheless, this presumption may be rebutted by the insured with evidence demonstrating the contrary. *Id.*

**{¶20}** In the instant case, State Farm's policy provision regarding the insured's duty to report a claim states in pertinent part as follows:

> **The insured must give us or one of our agents written notice of the accident or loss as soon as reasonably possible. The notice must give us:**
>
> **a.  your name; and**
>
> **b.  the names and addresses of all person involved; and**
>
> **c.  the hour, date, place and facts of the accident or loss; and**
>
> **d. the names and addresses of witnesses.**   State Farm Policy Form 9835A.

**{¶21}**  The record indicates that Kelley fell on June 26, 2007, but reported the claim on February 23, 2010, approximately two years and eight months later.  Such a delay in notification, by any standard, could not be considered reasonable.

**{¶22}** An insured's duty to give the liability insurer proper and timely notice of an occurrence and to cooperate with her insurer is a condition precedent to coverage. *Beaver Excavating Co. v. United States Fid. & Guar. Co.*, 126 Ohio App.3d 9, 709 N.E.2d 858 (7th Dist.1998); *Gabor v. State Farm Mut. Auto. Ins. Co.,* 66 Ohio App.3d 141, 583 N.E.2d 1041 (8th Dist.1990).

**{¶23}**  Notice provisions in insurance contracts allow the insurer to step in and control the potential litigation, protect its own interests, maintain the proper reserves in its accounts, and pursue possible subrogation claims.  *See Ormet Primary Aluminum Corp. v. Emps. Ins. of Wausau*, 88 Ohio St.3d 292, 2000-Ohio-330, 725 N.E.2d 646; *Am. Ins. Co. v. Fairchild Industries, Inc.*, 852 F.Supp. 1173, 1179 (E.D.N.Y.1994).

{¶24}  Kelley's two-and-one-half year delay in asserting a claim for coverage affected State Farm's ability to control the litigation, including resolving potentially covered damage claims in a timely and cost-efficient manner.  As previously noted, State Farm investigated the claim after being notified almost three years after Kelley fell. The investigation revealed that Kelley had longstanding problems with balance, dizziness, and synocope.

{¶25} However, when State Farm deposed Nurse O'Hanlon, who took Kelley's blood pressure prior to the fall and who was one of the four nurses that attended to her after the fall, Nurse O'Hanlon testified that blood pressure records are only kept for two years.   Thus, State Farm could not determine whether Kelley's blood pressure contributed to her falling as opposed to the unidentified driver, whose vehicle Kelley admitted had not struck her.

{¶26} In addition to the deposition of the four nurses previously mentioned, State Farm also deposed the medics that responded and transported Kelley to the hospital. Neither the nurses nor the medics had any recollection of the details of the incident. None could recall any statements Kelley made regarding how and why she fell, or any statements about the unidentified driver of the vehicle Kelley alleged was backing out of the parking space.

{¶27}  As previously noted, Kelley alleged that when she struck the vehicle with her cane, to alert the now unidentified driver, it broke.   However, the subsequent investigation revealed that only one person remembers anything about the cane, and that

person, Nurse Smith, refutes that the cane was broken. Nonetheless, when State Farm sought to inspect the cane, Kelley indicated that her son had repaired the cane. Thus, State Farm could not corroborate Kelley's account of the fall.

{¶28} We are convinced that but for Kelley's unreasonable delay in asserting a claim for coverage, State Farm could have stepped in at an earlier juncture and conducted a more fruitful investigation. As such, Kelley's unreasonable delay in notifying State Farm of the incident was clearly prejudicial. Therefore, we conclude the trial court properly found that Kelley's two-and-one-half-year delay in asserting a claim for coverage permitted State Farm to deny said coverage.

{¶29} Further, an insured's duty to give the liability insurer proper and timely notice of an occurrence is a condition precedent to coverage. *Beaver,* 126 Ohio App.3d 9, 709 N.E.2d 858. Thus, Kelley's contention that the trial court should have granted summary judgment in her favor on her quest for coverage is not well taken, because of her failure to fulfill the condition precedent to coverage.

{¶30} Based on the foregoing, the trial court properly granted summary judgment in favor of State Farm and properly denied Kelley's cross-motion for summary judgment. Accordingly, we overrule both assigned errors.

{¶31} Judgment affirmed.

It is ordered that appellees recover from appellant their costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

PATRICIA ANN BLACKMON, JUDGE

SEAN C. GALLAGHER, P.J. and
TIM McCORMACK, J., CONCUR