[Cite as *Berry v. Progressive Direct Ins. Co.*, 2018-Ohio-3570.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 106621**

# STACY L. BERRY

PLAINTIFF-APPELLANT

vs.

# PROGRESSIVE DIRECT INSURANCE COMPANY

DEFENDANT-APPELLEE

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-17-877831

**BEFORE:** Jones, J., E.A. Gallagher, A.J., and Keough, J.

**RELEASED AND JOURNALIZED:** September 6, 2018

**ATTORNEYS FOR APPELLANT**

Thomas M. Wilson
John J. Wargo, Jr.
Wargo and Wargo Co., L.P.A.
P.O. Box 332
Berea, Ohio 44017


**ATTORNEYS FOR APPELLEE**

Christoher Ankuda
Paul R. Morway
Ankuda, Stadler & Moeller Ltd.
1100 Superior Avenue, Suite 1120
Cleveland, Ohio 44114

LARRY A. JONES, SR., J.:

**{¶1}** Plaintiff-appellant Stacy L. Berry ("Berry") appeals from the trial court's November 15, 2017 decision granting summary judgment in favor of defendant-appellee Progressive Direct Insurance Company. For the reasons that follow, we affirm.

## I. Procedural and Factual History

**{¶2}** Berry initiated this action against Progressive in March 2017, with a three-count complaint. In Count 1, she alleged that she was the owner of a 2008 Scion vehicle, which was insured under a Progressive policy. Berry alleged that in January 2017 the vehicle was stolen and that she immediately contacted Progressive to inform it of the theft; she also filed a police report with the Cleveland Police Department.[1]

**{¶3}** In accordance with her reporting, Progressive opened a claim, and she "provided all pertinent information as required under the Policy to Progressive," which "included a recorded sworn statement." According to Berry's complaint, despite having had "all necessary and pertinent information for the settlement of the Claim, Defendant has intentionally and maliciously refused to settle the Claim, has requested Plaintiff to provide additional irrelevant and unnecessary information which delves deeply into the Plaintiff's personal life, and has utilized its special investigation unit to needlessly investigate and harass Plaintiff." In accordance with her allegations, in Count 1 of her

---

[1] The record demonstrates that Berry contacted Progressive about one week after she discovered the alleged theft.

complaint, Berry alleged that Progressive had intentionally and maliciously breached its contractual obligation under the policy.

{¶4} In Count 2, Berry alleged that Progressive acted in bad faith, and in Count 3, she alleged that Progressive's actions allowed her to recover punitive damages against it. The complaint also provided notice of deposition of Progressive's claim adjuster assigned to the case or another company representative, to take place in May 2017. Additionally, Berry set forth a first request for production of documents from Progressive, which generally requested any and all documents related to Berry, the subject policy, the subject claim, payments made to Berry under the policy, and "all auto theft claims rejected or not paid in response to claims made by Progressive insured[s] for auto theft from 2010 to the present."

{¶5} Progressive answered Berry's complaint. It admitted that it insured the Scion vehicle at the time in question and that it opened a claim based on Berry's report that the vehicle was stolen, but denied the remaining substantive allegations of the complaint. Progressive also set forth numerous defenses, including that Berry had "failed to abide by all terms and conditions precedent for recovery contained within the policy of insurance." Progressive attached the insurance policy as an exhibit to its answer.

{¶6} The parties engaged in pretrial discovery. A review of the record before us demonstrates that Progressive: (1) produced documents to Berry pursuant to her request, which consisted of 185 pages of what Progressive deemed "discoverable documents"; (2)

provided to Berry a compact disc of a "recorded statement of Stacy Berry/Tony Berry";[2] and (3) propounded upon Berry requests for answers to interrogatories, production of documents, and admissions. The record further demonstrates, relevant to this appeal, that Berry responded to the requests for admissions, but did not answer 19 out of the 34 requests. Rather, for those 19 requests, she stated that she was unable to admit or deny the requests because "Progressive has not provided a copy of the documents referred to in its Requests for Admission."

{¶7} On September 7, 2017, Progressive filed a motion to have the subject admissions deemed admitted on the ground that Berry had failed to respond to the requests. On September 28, 2017, Progressive filed a motion for summary judgment. Berry did not oppose either motion. On November 14, the trial court granted Progressive's motion to have the admissions deemed admitted; on November 15, the trial court granted Progressive's motion for summary judgment. This appeal ensues, with Berry raising the following three assignments of error:

> I. The trial court erred when it deemed admitted Plaintiff's Responses to Defendant's First Set of Requests for Admission Propounded upon Stacy L. Berry, Request for Admission Nos.: 11-22, 24, 28-32 & 34 even though Plaintiff responded to these requests for Admissions as follows: "Plaintiff can neither admit nor deny Request for Admission No. ____ as Progressive has not provided a copy of the document referred to in its Request for Admission."

> II. The trial court further erred by relying upon improperly admitted admissions as contained in Plaintiff's Responses to Defendant's First Set of

---

[2]Tony Berry is Stacy Berry's husband. The vehicle was allegedly parked at the apartment complex where the Berrys' son lived.

Requests for Admissions Propounded upon Stacy L. Berry, Request for Admissions Nos.: 11-22, 24, 28-32 & 34, in granting summary judgment in favor of Defendant Progressive Direct Insurance Co.

III.   The trial court erred, as a matter of law, in granting summary judgment in favor of Defendant Progressive Direct Insurance Co.

**{¶8}** Further facts will be discussed as necessary below.

## II.   Law and Analysis

**{¶9}** As an initial matter, Progressive contends that the first two assignments of error, relative to the trial court's judgment granting Progressive's motion to have certain requests for admissions deemed admitted, are not properly before this court because Berry did not appeal from the court's November 14, 2017 judgment granting the motion; rather, she appealed from the trial court's November 15, 2017 judgment granting Progressive's motion for summary judgment.   Progressive is correct.   In the interest of justice, however, we nonetheless briefly consider the first and second assignments of error.

**{¶10}** Civ.R. 36 governs requests for admissions and provides in relevant part as follows:

(A) Availability; Procedures for use.   A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Civ.R. 26(B) set forth in the request, that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request.   Copies of documents shall be served with the request unless they have been or are otherwise furnished or made available for inspection and copying. * * *

(1) The matter is admitted unless, within a period designated in the request, not less than twenty-eight days after service of the request or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer

or objection addressed to the matter, signed by the party or by the party's attorney.

(2) If objection is made, the reasons therefor shall be stated. The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify his or her answer, or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder. An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny. A party who considers that a matter of which an admission has been requested presents a genuine issue for trial may not, on that ground alone, object to the request; the party may, subject to the provisions of Civ.R. 37(C), deny the matter or set forth reasons why the party cannot admit or deny it.

* * *

(B) Effect of admission. Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. * * *

**{¶11}** This court has previously summarized the requirements of Civ.R. 36 as follows:

Pursuant to Civil Rule 36, when requests for admission are made the matters are admitted unless the party to whom the requests are directed serves upon the party requesting the admissions written answers or objections. Thus, an answer or an objection is required under Civil Rule 36. If no answer or objection is filed the matter is admitted. Further, a general objection also amounts to an admission. For an objection to be valid reasons must be stated, otherwise the matter is admitted.

An answer may admit or deny the request for admission. Naturally, if there is a direct admission the matter is resolved and proof at trial is expedited. However, if the answer is in the form of a denial, it shall be specific and meet the substance of the requested admission. A general denial is not sufficient and results in an admission.

> If the responding party cannot truthfully admit or deny the matter, he [or she] shall set forth in detail in his [or her] answer the reasons why he [or she] cannot truthfully admit or deny. Failure to comply with this requirement will result in an admission.
>
> A responding party may not give lack of information or knowledge as a reason for failing to admit or deny unless he [or she] states in his [or her] answer that he [or she] has made reasonable inquiry, and that the information known or readily obtainable by him [or her] is insufficient to enable him [or her] to admit or deny.
>
> In addition to employing the foregoing language of the Rule, when citing lack of information or knowledge, the responding party must specifically describe in written detail the actual efforts that he [or she] has made which constitute such an alleged reasonable inquiry, and further, he [or she] must state why the information known or readily obtainable by him [or her], despite his [or her] reasonable inquiry, is insufficient to enable him [or her] to admit or deny. The responding party may not merely rest upon a perfunctory recitation of the rule's language. Failure to incorporate in the response the language mandated by Civil Rule 36 and failure to detail in writing both the actual effort made and the reasons why the known information is insufficient to enable the responding party to admit or deny will result in an admission.

*St. Paul Fire & Marine Ins. Co. v. Battle*, 44 Ohio App.2d 261, 269-270, 337 N.E.2d 806 (8th Dist.1975).

{¶12} As mentioned, for the admissions at question here, Berry responded that she was unable to admit or deny them because "Progressive has not provided a copy of the documents referred to in its Requests for Admission." She did not state what efforts she made that would constitute a reasonable inquiry about what Progressive sought or why the information she knew or was readily obtainable by her, despite her reasonable inquiry, was insufficient to enable her to admit or deny Progressive's requests. Further, the record demonstrates that she did not employ any of the discovery methods available to her,

specifically, a motion to compel, to attempt to obtain the documents she claimed she needed to respond to the insurer's request for admissions.

{¶13} Further, a review of the disputed admissions demonstrates that the "documents" referred to in them were documents that Berry had, or reasonably should have had. Specifically, the documents consisted of emails between Berry and Progressive representatives and written correspondence sent from Progressive to Berry during the investigative stage of her claim.

{¶14} On this record, the disputed admissions were properly deemed admitted.

{¶15} The first and second assignments of error are overruled.

{¶16} Thus, we now consider the crux of this appeal, as set forth in the third assignment of error: whether the trial court erred in granting summary judgment in favor of Progressive.

{¶17} We review the grant of a motion for summary judgment de novo, applying the same standard as the trial court. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Under Civ.R. 56(C), summary judgment is appropriate where (1) no genuine issue as to any material fact exists; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party. *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1978).

{¶18} On a motion for summary judgment, the moving party has the burden of

demonstrating that no genuine issue of material fact exists. *Dresher v. Burt*, 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996). In doing so, the moving party must point to some evidence in the record in the form of "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action." Civ.R. 56(C); *Dresher* at 292 – 293. The burden then shifts to the nonmoving party to provide evidence showing that a genuine issue of material fact does exist. *Dresher* at 293. If the nonmoving party does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party. Civ.R. 56(E).

{¶19} Progressive sought summary judgment against Berry because of her lack of cooperation in its investigation into the alleged theft of the subject vehicle. In support of its motion for summary judgment, Progressive submitted the insurance policy at issue, which contained the following provision:

> A person seeking coverage must: (1) cooperate with us in any matter concerning a claim or lawsuit; (2) provide any written proof of loss we may reasonably require, [and] (3) allow us to take signed and recorded statements, including sworn statements and examinations under oath, which we may conduct outside the presence of you or any other person seeking coverage, and answer all reasonable questions we may ask as often as we may reasonably require.

{¶20} This court has held that a cooperation clause in an insurance policy is a fully enforceable contract provision, and the violation of a cooperation clause may relieve the insurer of any liability to pay benefits under the policy. *Gabor v. State Farm Mut. Auto. Ins. Co.*, 66 Ohio App.3d 141, 143, 583 N.E.2d 1041 (8th Dist.1990). Requests for

cooperation can include documents necessary for investigation into theft claims, including title records, loan records, phone records, and keys to the vehicle. *Id.* at 142.

{¶21} Progressive submitted in support of its motion for summary judgment the requests it made upon Berry in investigating the claim, which included authorization documents, the keys to the vehicle, records regarding the financials for the vehicle, and cell phone records. Additionally, the company submitted the warnings it gave Berry that her failure to cooperate with its investigation would result in the denial of her claim.

{¶22} As mentioned, Berry failed to respond to Progressive's motion for summary judgment. She therefore failed to present to the trial court any evidence demonstrating that there was any genuine issue of material fact in dispute. On this record, therefore, the trial court properly granted summary judgment in favor of Progressive. The third assignment of error is overruled.

{¶23} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

LARRY A. JONES, SR., JUDGE

EILEEN A. GALLAGHER, A.J., and
KATHLEEN ANN KEOUGH, J., CONCUR